## REILLY *a.* COOK.

*New York Superior Court; Special Term, October,* 1861.

PLEADING.—FRIVOLOUS ANSWER.

Where a complaint alleges that the plaintiff, as agent of A., sold and delivered to the defendant certain goods, for which he promised to pay the plaintiff, an answer setting up that the goods sold belonged to a third person, and not to the plaintiff, and that such third person, and not the plaintiff, sold them, and not denying the delivery by the plaintiff, his agency for such third person, or the defendant's promise to pay to him,—is frivolous.

Motion to strike out answer as sham, irrelevant, and frivolous, and for judgment under sections 152 and 247 of the Code.

The facts appear in the opinion.

*George Owen,* for the motion.—I. The relief asked for is proper, all defects are simply embraced in a single motion. The court may grant the appropriate relief on the facts and the general prayer. (Mills *a.* Thursby, 11 *How. Pr.,* 114; People *a.* McCumber, 18 *N. Y.,* 315; Martin *a.* Kanouse, 2 *Abbotts' Pr.,* 390.) 1. A motion to strike out the answer on one of the grounds mentioned in the notice, would be a bar to a second motion to strike it out on another, and the plaintiff would be liable to pay costs. (Desmond *a.* Wolf, 1 *Code R.,* 49; Mitchel *a.* Westervelt, 6 *How. Pr.,* 265.) 2. Bad faith, desire for delay or other unworthy motive, feigned and specious matter, ingenuity and invention, subtle contrivance, are properties of a sham answer. These may be evidenced by irrelevant allegations, equivocal words and sentences, &c., shown to be so by affidavits not fairly met. The use of such words and sentences being

shown to be for a sham purpose, the answer becomes frivolous and the plaintiff entitled to judgment. (*Code*, §§ 152, 247; 2 *Bouvier Law Dict.*, 375; Darrow a. Miller, 5 *How. Pr.*, 247; Salinger a. Lusk, 7 *Ib.*, 430; Conklin a. Vandervoort, *Ib.*, 483; Walker a. Hewitt, 11 *Ib.*, 395; Manufacturers' Bank a. Hitchcock, 14 *Ib.*, 406; People a. McCumber, 15 *Ib.*, 186; affirmed, 18 *N. Y.* (4 *Smith*), 315.)

.II. The answer, on its face, discloses no defence to the action. 1. It admits by not denying : (1.) That the plaintiff as agent and factor of Henry Stephens, sold and delivered various quantities of goods, wares, and merchandise, &c., as in complaint stated. (2.) That the defendant repeatedly promised to pay the plaintiff the same since it became due. 2. The plaintiff, therefore, was a trustee of an express trust. The contract was express to pay him for the benefit of another—the avowal of agency made no difference. (*Code*, §§ 111, 113 ; Fanfield a. Adams, 16 *Pick.*, 381 ; Harp a. Osgood; 2 *Hill*, 216; Considerant a. Brisbane, 22 *N. Y.*, 389.) 3. The averments in the complaint necessarily showed the action brought as trustee and not individually, and the defendant was bound to meet them by corresponding denials. (Gould a. Glass, 19 *Barb.*, 179 ; Ogdensburgh Bank a. Van Rensselaer, 6 *Hill*, 240.) 4. The first defence is a denial negative pregnant. The sale and delivery are denied in the conjunctive form, which is no denial of either. (Salinger a. Lusk, 7 *How. Pr.*, 430 ; Davison a. Powell, 16 *Ib.*, 467 ; Shearman a. N. Y. Central Mills, 1 *Abbotts' Pr.*, 187.) 5. The allegations in the first defence, denying "that sum, or any part thereof, is due from defendant to plaintiff," and the whole of the third defence, consists of conclusions of law. (Pierson a. Cooley, 1 *Code R.*, 91; Daniels a. Hallenbeck, 19 *Wend.*, 408; Russell a. Clapp, 7 *Barb.*, 482 ; 5 *How. Pr.*, 14; Ford a. Sampson, 30 *Barb.*, 183 ; Higgins a. Freeman, 2 *Duer*, 650; Lawrence a. Wright, *Ib.*, 673 ; Bentley a. Jones, 4 *How. Pr.*, 202 ; Parker a. Totten, 10 *Ib.*, 233 ; Tompkins a. Acer, *Ib.*, 309 ; Adams a. Holley, 12 *Ib.*, 326; Thomas a. Desmond, *Ib.*, 321; Drake a. Cockroft, 1 *Abbotts' Pr.*, 203.) 6. The denials are bad for duplicity. (Brown a. Ryckman, 12 *How. Pr.*, 313.) 7. The second defence is bad on authority. It is averred the goods were sold by Stephens, while it is not denied they were delivered, and promised to be paid for, to the plaintiff as agent

and factòr. (Considerant *a.* Brisbane, 22 *N. Y.*, 389.) If a demurrer were interposed to the complaint on account of the avowed agency, it would be frivolous. (Bank of Wilmington *a.* Barnes, 4 *Abbotts' Pr.*, 226 ; People *a.* McCumber, 15 *How. Pr.*, 186.)⁻ The averments are merely an inconsistent statement with plaintiff's allegations, and do not, therefore, amount to a denial of them. (Wood *a.* Whiting, 21 *Barb.*, 190.) The answer is a violation of the rules of pleading, and as such is insufficient. (Fry *a.* Bennett, 1⁻*Code R.*, 238.) The words "set forth," used throughout the answer, are equivocal. No goods are "set forth" in the complaint. These words should be construed against the pleader (Holstein *a.* Middleton, 6 *Barn. & Cress.*, 29); especially when it is complained they are used for a sham purpose.

III. The objection to the answer is properly raised by motion : a demurrer is unnecessary. 1. It is objected that the answer is sham : a demurrer to it would assume it real, and put in in good faith. (People *a.* McCumber, 18 *N. Y.*, 315.) 2. The motion is, in effect, a demurrer. Defendant has the same remedy of appeal. (Hull *a.* Smith, 8 *How. Pr.*, 150 ; Roosa *a.* Saugerties, *Ib.*, 237 ; Quin *a.* Chamberlin, 11 *N. Y. Leg. Obs.*, 155 ; Loomis *a.* Dorsheimer, 8 *How. Pr.*, 9.)

IV. It is no objection that notice of trial has been given. The objection to the answer may be taken at any time. (Stokes *a.* Hagar, 1 *Code R.*, 84 ; Brewster *a.* Hall, 6 *Cow.*, 34.) The notice is for trial unless otherwise disposed of.

V. The second defence should be stricken out as sham and irrelevant, and the first and third defences as frivolous, and judgment be ordered for the plaintiff. (*Code*, §§ 152, 247 ; People *a.* McCumber, 18 *N. Y.*, 315.) 1. The defendant has no right to amend, as there never was a real answer to amend. (Aymar *a.* Chase, 1 *Code R.*, 141.) 2. If the defendant desires to amend, he should make a motion for that purpose. (Marquisee *a.* Brigham, 12 *How. Pr.*, 399.)

*A. R. Dyett*, opposed.

WHITE, J.—The complaint in this action alleges that the plaintiff, as agent and factor of one Henry Stephens, sold and delivered to the defendant, at his (the defendant's) request,

goods to the value of $293.18, for cash; that the defendant agreed to pay that price for them; that said sum was due at the time of the commencement of this action; that since it became due, the defendant repeatedly promised to pay it to the plaintiff, and has not done so; and judgment, thereupon, is prayed, &c.

The answer is generally divided into first, second, and third defences, but it all consists in this: it denies that the plaintiff sold the goods, and alleges that Henry Stephens owned them and sold them to the defendant upon a credit, which had not expired when this action was commenced; and it alleges that the plaintiff did not own the goods. This is the whole answer. It does not deny the allegations of the complaint, that the plaintiff sold the goods as the factor or agent of Stephens, nor the allegation that the defendant promised to pay the plaintiff for them.

The allegations in the answer of ownership in Henry Stephens, and that he sold the goods to the defendant, are not relevant statements; nor are they in contradiction with any of the allegations of the complaint, which plainly avers the ownership of Stephens. But if any purpose can have been intended by them (and it must be presumed that some purpose was intended by them), it can only be this: that they were designed to qualify the previous positive denial in the answer, that the plaintiff had sold the goods, and to indicate that the denial was intended only to raise in that manner, as a supposed defence, the point that the plaintiff did not, as owner, sell them, and had therefore no right to sue for their price. This, I think, upon a consideration of the whole context, is the fair construction to be given to this answer, and the point which it presents is obviously no defence.

The uncontroverted sale of the goods by the plaintiff as the factor or agent of Stephens, and the promise of the defendant to pay the plaintiff, as stated in the complaint, are all sufficient to vest the plaintiff with a right to collect and sue for the price, as he has done in this action. (Considerant a. Brisbane, 22 *N. Y.*, 389.)

The answer must therefore be stricken out as frivolous, with ten dollars costs; but as it contains an intimation that the sale had been made upon a credit, which had not expired when the action was commenced, the defendant will have leave to serve

an amended answer, presenting that defence in a proper form, within ten days after the service of the order to be entered pursuant to this decision; the issue, however, in case of such amendment, to be of the same date that it now is, and the cause, if on the calendar, to retain its present place there.