---

## SUPREME COURT.

### JOHN LUND agt. THE SEAMAN'S SAVINGS BANK.

A *simple denial* of the allegations of the complaint, or a denial which is *sham, frivolous* or *immaterial,* are not grounds of *demurrer* to the answer. It is only where the answer contains *new matter* that a demurrer will lie.

A *debtor* for goods deposited, or a debtor generally, can never be permitted to volunteer, by plea or answer, the protection of the claims of a *third party* with whom he has had no dealings, to defeat his liability for the performance of his contracts.

And the law forbids the defendant (the debtor) to *interplead,* where this third party is not in *privity* with the depositor, but claims by a hostile and superior title.

*New York General Term, May,* 1862.

INGRAHAM, ROSEKRANS and LEONARD, *Justices.*

APPEAL from order of special term.

M. S. BIDWELL, *for appellants.*
J. C. SMITH, *for respondent.*

By the court, LEONARD, Justice. The Code permits a demurrer to an answer only where it contains new matter. A simple denial of the allegations of the complaint is not within the provision. (*Code,* § 153.)

A denial may be sham, frivolous or immaterial. In such case the plaintiff may bring the question before the court summarily by motion, but it is not a ground of demurrer.

The demurrer to the first defence is therefore not well taken, and the order appealed from must, to that extent, be reversed.

The demurrer to the second defence presents an entirely different question.

The plaintiff is the assignee of a depositor in the defendants' bank. The defendants allege that the deposit is the proceeds of sundry securities belonging to Peter Erik Larsson and others, which the depositor obtained and fraudulently converted into money; and that Peter Erik Larsson, &c., have notified the defendants of these facts, and that they claim the deposit as their property.

It must be conceded on the authority, as invested by the defendants, that the claim of the depositor is a chose in action, and not a bailment. (*Chapman* agt. *White,* 2 *Seld. R.,* 412, 417; *Downes* agt. *The Phœnix Bank,* 6 *Hill R.,* 297.)

The rule which forbids a bailee to deny the title of his bailor is not applicable.

No principle of law can, however, be found which permits a debtor for goods sold, or for money lent or deposited, to set up, as a defence against the claim of his creditor, that his title to the goods sold, or money lent or deposited, is defective or wrongful. That question is of no concern to the purchaser or borrower, unless the third party who claims to have been despoiled of his goods or money will proceed, by process of law, to enforce his rights. It can

never be permitted that a debtor may volunteer, by plea or answer, the protection of the claims of those with whom he has had no dealings to defeat his liability for the performance of his contracts.

The law forbids the defendant to interplead, because these third parties are not in privity with the depositor, but were claiming by a hostile and superior title. (*Fletcher* agt. *Troy Savings Bank,* 14 *How. P. R.,* 383; *Shaw* agt. *Coster,* 8 *Paige,* 343; *Marvin* agt. *Elwood,* 11 *Paige,* 365.)

It would be a mere evasion to permit the defendants to interpose such rights of third parties as a defence, which they are prohibited from alleging as grounds for an interpleader. The pretended claimants have shown no wish to enforce their claims against the depositor, if any they have.

The order appealed from should be affirmed as to the second defence, without costs.

ROSEKRANS and INGRAHAM, J. J., concurred.