McLAUGHLIN ET AL., Respondents, *v.* FIRST NATIONAL BANK OF DEADWOOD, Appellants.

1. **Banks and Banking — Deposits — Ownership — Parties — Real Party in Interest.**

> Where a bank receives money from a party and opens an account with him in his name, it is bound to honor his checks to the extent of his deposit. It will not be permitted to show title in another not a party and making no claim to the fund. So, one depositing money as "agent," subject to his checks or orders, may maintain an action against the bank for the money in his own name, or he may assign his interest therein and the assignee maintain the action in his name.

2. **Same — Trustee of an Express Trust.**

> Such a depositor is also a trustee of an express trust within the meaning of § 76, C. C. Pro., which provides that such trustee includes "a person with whom, or in whose name, a contract is made for the benefit of another," and he could sue alone.

3. **Intervention, Right of.**

> Where a receiver was permitted to intervene in an action, but it appeared the company for which he was receiver had assigned away all its interest in the fund in controversy prior to his appointment, *held*, he had no claim as against the assignee.

(Argued Oct. 12, 1888; affirmed Oct. 19, 1888; opinion filed Oct. 10, 1889.)

APPEAL from the district court, Lawrence county; Hon. CHAS. M. THOMAS, Judge.

Action by Daniel McLaughlin and William R. Steele, substituted for Ambrose G. Bierce, against the First National Bank of Deadwood, to recover the amount of a certain balance alleged to be due plaintiffs, as assignees of Bierce, on account of moneys deposited. Samuel Cushman, receiver of the plaintiffs' assignor, the Black Hills Placer Mining Company, filed a complaint in intervention. Verdict for plaintiffs, and defendant and the intervenor appeal.

*G. C. Moody,* for appellant.

The evidence clearly establishes that the former plaintiff, Bierce, acted solely as a mere agent of the Black Hills Placer Mining Company. The money at no time belonged to him, but to the company. He was not the real party in interest (§ 74, C. C. Pro.), nor was he a trustee of an express trust under section 76.

The contract sued on is an implied contract, not an express one. As to what constitutes the real party in interest, see Hoagland v. Van Etten, 35 N. W. Rep. 869 ; Pomeroy, Remedies (2d Ed.), §§ 172, 173, 174 ; Palmer v. Ft. Plain R. R. Co., 11 N. Y. 376 ; Ruckman v. Pitcher, 20 id. 9 ; People v. Booth, 32 id. 397 ; Sanford v. Sanford, 45 id. 723 ; Hays v. Hathorn, 74 id. 486 ; People v. Ingersoll, 58 id. 1 ; Tracy v. Snyder, 50 Ia. 73 ; Swift v. Ellsworth, 10 Ind. 205 ; Lawrence v. Long, 18 id. 301 ; Rawlings v. Fuller, 31 id. 255 ; Mendenhall v. Baylies, 47 id. 575 Claflin v. Dawson, 58 id. 408 ; Smock v. Brush, 62 id. 156, 176 ; Frazier v. Erie Bank, 8 W. & S. 18 ; Swift v. Swift, 48 Cal. 268 ; People v. Haggin, 57 id. 579 ; Robbins v. Deverill, 20 Wis. 142 ; King v. Cutts, 24 id. 625 ; Rock Co. v. Hollister, 21 Minn. 385 ; Third National Bank v. Clark, 23 id. 267 ; Bostwich v. Bryant, 16 N. E. Rep. 378 ; Chin Kem Yon v. Ah Joan, 16 Pac. Rep. 705.

*Van Cise & Wilson,* for intervenor.

This was a proper case for intervention. The complaint was sufficient. C. C. Pro., § 90 ; Gradwohl v. Harris, 29 Cal. 150 ; Coghill v. Marks, id. 673 ; Davis v. Eppinger, 18 id. 378 ; Speyer v. Thorels, 21 id. 280 ; Stich v. Dickinson, 38 id. 608 ; 3 Estee (2d Ed.), 190, 192 ; Howe v. Jones, 8 N. W. Rep. 451 ; Wetmore v. McMillan, 10 id. 725 ; Mower's Appeal, 12 id. 646 ; Martin v. Thompson, 63 Cal. 3 ; Dunham v. Greenbaum, 56 Ia. 303 ; Tuttle v. Wheaton, 57 id. 304 ; Coffey v. Greenfield, 55 Cal. 382.

*McLaughlin & Steele,* for respondent.

It is sufficient for the contention that Bierce was the real party in interest; that the defendant bank is estopped by its own acts from questioning his ownership of the money. Bank v. Mason, 95 Pa. St. 113, 40 Am. Rep. 632 ; Davis v. Smith, 12 N. W. Rep. 531 ; Lunn v. Seaman's Bank, 37 Barb. 129 ; Jordan v. N. S. & L. Bank, 74 N. Y. 467 ; Sinclair v. Murphy, 14 Mich. 362 ; National Bank v. Insurance Company, 104 U. S. 54 ; Bank v. Laniere, 11 Wall. 379 ; Wood v. Boylston Nat. Bank, 129 Mass. 358, 37 Am. Rep. 366 ; 29 Minn. 201 ; Morse, 29, 247, 453.

The relation of debtor and creditor exists between a bank and its

customers. As soon as the money is paid in it becomes the property of the bank. Morse, 25, 453; Marine Bank v. Fulton Bank, 2 Wall. 252; Bank v. Millard, 10 id. 155; Thompson v. Riggs, 5 id. 663; Etta Nat'l Bk. v. 4th Nat'l Bk., 46 N. Y. 82; Chapman v. White, 6 id. 412.

Aside from these considerations, Bierce was *the* real party in interest. He had an interest in the fund, to account for it to his principal.

A person with whom a contract is made for the benefit of another may sue without joining with him the person for whose benefit the action is prosecuted. C. C. Pro., § 76; 1 Wait Pr. 95, 96; Considerant v. Brisbane, 22 N. Y. 389; Freeman v. Fulton Fire Ins. Co., 14 Abb. 398; Riley v. Cook, 13 id. 255, 22 How. Pr. 93; Brown v. Cherry, 38 id. 352; Davis v. Reynolds, 48 id. 210; Kellogg v. Sweeney, 56 Barb. 635; Swift v. Swift, 46 Cal. 217; Erickson v. Compton, 6 How. Pr. 471; Morgan v. Reed, 7 Abb. 215; Union Rubber Co. v. Tomlinson, 1 E. D. Smith, 364; Pomeroy, § 177; Bliss, §§ 52, 57.

The complaint of the intervenor did not state facts sufficient to constitute a cause of action in favor of the receiver, intervenor, or to allow the right of intervention. Gale v. Shillock, 30 N. W. Rep. 138; Lewis v. Lewis, 10 id. 586; Howe v. Volcano Water Co., 13 Cal. 62; Harlan v. Eureka Mining Co., 10 Nev. 94; Hinds v. C. & N. F. R. R. Co., 10 How. Pr. 483; French Bank Case, 53 Cal. 495.

SPENCER, J. In the complaint it is alleged that between July 10, 1880, and August 31st following, one Ambrose G. Bierce, the assignor of these plaintiffs, at the city of Deadwood, became a customer and depositor of said defendant; and that said defendant, between those days, received from the said Bierce, for his use and benefit, various sums of money, amounting in the aggregate to about the sum of $79,000, and gave him credit for the same upon its books, subject to the checks, drafts, and orders of said Bierce. That defendant paid upon the checks and orders of said Bierce all of the funds so deposited and credited to him, except the sum of $3,473.05, which said defendant refused to pay to him, or upon his checks or orders. That on September 21, 1880,

said Bierce duly commenced an action in the district court of
Lawrence county against the said defendant to recover such sum;
and that while said action was pending and undetermined, and on
the 17th day of April, 1884, said Bierce, for a valuable considera-
tion, duly assigned and transferred to the plaintiffs, for the use of
the Black Hills Placer Mining Company, all his right and interest
in and to said cause of action and said fund; and that on the 17th
day of January, 1884, said company also transferred all its right
and interest in and to said claim, demand, and cause of action, to
the plaintiffs, who have since remained the owners of the same.
The answer of the defendant bank is, in substance, that the
moneys alleged by the plaintiffs to have been deposited with it
were in fact moneys of said Black Hills Placer Mining Company;
that one Ichabod M. West was the agent of said company, and
that said company, through its said agent, carried on a general
banking business with said defendant; that July 1, 1880, said
company became indebted to said defendant in the sum of
$3,473.05 on account of its overdrafts on said defendant, made by
and through its said agent West, and that the moneys which
plaintiffs claim were received and retained by it in payment of
such overdraft.    One Samuel Cushman having been appointed
receiver in proceedings supplementary to execution on a judgment
recovered against said Black Hills Placer Mining Company, was
permitted to intervene in said action, and filed an answer therein,
in effect that said moneys so deposited by said Bierce were not his,
but were the moneys of said Black Hills Placer Mining Company,
and belonged to said intervenor as receiver of said company.
Upon the trial it was proved, among other things, that Bierce was
general agent of the said Black Hills Placer Mining Company;
that the moneys thus deposited with defendant were received
from such company, and deposited to the credit of said A. G.
Bierce, agent, and were subject to his check and order; that the
account was kept by defendant in the name of A. G. Bierce,
agent, and that his checks and drafts so signed were honored and
paid by the defendant until such fund was reduced to the sum of
$3,473.05, when the payment of further checks or of this money
was refused, the defendant claiming the right to retain the same
in payment of an overdraft which was alleged had been made by

said company through said West, alleged by the defendant to have been agent for said company before the appointment of said Bierce. Upon the trial of the action the jury returned a verdict in favor of the plaintiff upon all the issues, and judgment was duly entered in accordance therewith.

Assuming, therefore, as we must, from the verdict in the case, that all the material allegations in the complaint are true, the question presented for our determination on this appeal is whether the original plaintiff, Ambrose G. Bierce, had sufficient interest in the fund to maintain this suit in his own name; and, if he did have such interest, could he transfer it in such manner that his assignees may maintain such action?

Bierce was the general agent of the company, and the fund in dispute was deposited by or for him, or his use, in his name as "agent," and was subject to his check or order. By accepting this deposit in this form, the defendant assumed the obligation of paying the checks properly signed by the person in whose name or to whose credit the deposit was made, so long as a credit sufficient for that purpose remained.

Deposits in a bank create between it and the depositor, or the person to whom the credit for the deposit is given, the relation of debtor and creditor. Bank v. Hughes, 17 Wend. 100; Bank v. Bank, 46 N. Y. 82. So, also, where a bank receives money from a person, and gives him credit therefor in his own name, it is in duty bound to honor his checks and orders to the amount of such deposit, and it cannot refuse to honor his drafts against the fund on the ground that the money deposited belonged to some other person. In such a case the claim of the depositor is a chose in action, and not in bailment. Chapman v. White, 6 N. Y. 412. And the bank cannot set up as a defense against the depositor that his title to the money deposited is defective or in another. That is a matter in which the bank is not interested until the third party who claims to own the fund shall proceed to enforce his rights.

When a bank receives money from a person, and opens an account in his name, and credits him with funds received, it is bound to honor his checks to the extent of the fund. It cannot defend on the ground that the title is in another, who is not a

party and makes no claim. It is estopped, under such circumstances, from questioning the title of the depositor. Bank v. Mason, 95 Pa. St. 113; Lund v. Bank, 37 Barb. 129; Bank v. Insurance Co., 104 U. S. 54.

Whether a different rule would apply in the event it was shown the bank had a set-off or counter-claim against the actual owner, though the deposit was made in the name of another, we are not called upon to consider in this case, as the jury have determined by their verdict that the defendant had no demand against the alleged actual owner; that the overdraft was the debt of West individually, and not of the company.

We are of the opinion, also, that Bierce had sufficient interest in the fund to maintain this action in his own name as the trustee of an express trust. Code, § 74, provides "that every action must be prosecuted in the name of the real party in interest," except as otherwise provided in section 76, which is as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted; and the trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

Conceding that Bierce was not the real party in interest, yet it cannot be doubted that he was the general agent of the company. Whatever contract was made with the defendant in regard to the deposit of this fund was made with him, and in his name. The cashier of the defendant, with whom this business was transacted, was a witness on the part of the defendant, and testified "that at the time he [Bierce] was making the negotiations, and at the time that he made the deposit, I didn't ask him his authority as general agent of the company. He deposited so much money as agent, and left his signature as to how he would sign. It was not my business to inquire into his authority for checking out the money he had deposited in that way." The money was deposited to Bierce's credit as agent, subject to his check, and was so understood by the defendant and its clerks, and drafts so drawn were honored by the defendant. The contract was, therefore, with him, and it was so treated by both parties. As to the defendant, at least, the legal

title of the funds was in Bierce, and he was entitled to a performance of the contract by the bank.

Before the adoption of these sections of the Code, contracts of this character were enforceable in the name of the person with whom made, who had the legal title by the terms of the contract, as Bierce had here ; and this was so whether or not the fact of agency appeared upon the face of the contract. "Written express contracts by or with agents contracting in their own names, with or without a description of agency, were not exceptions to the rule. Such a contract was with an agent, and in his name, when executed by or to him in his individual name, without expressing the agency, though the other party knew he was acting as agent in the transaction, and contracted with him in that capacity ; and it was equally with him, and in his name, though he was described as agent on its face when negotiated with him, and by its terms to be performed by or to him." The work of agency might, for convenience, be rejected as descriptive of the person merely. Considerant v. Brisbane, 22 N. Y. 389-393. The payee' of a note taken by him as agent, merely, of the person to whom the debt represented by it was due, could maintain an action on it in favor of himself. Buffum v. Chadwick, 8 Mass. 103. In Sargent v. Morris, 3 Barn. & Ald. 277, the rule was stated in this language : " If an agent acts for me and on my behalf, but in his own name, then, inasmuch as he is the person with whom the contract is made, it is no answer to an action in his name to say that he is merely an agent, unless you can also show that he is prohibited from carrying on that action by the person on whose behalf the contract was made."

The action might be maintained by the agent when the promise was to him. The promise in the case at bar was to Bierce ; and whether the word " agent " is to be considered as mere description of the person, or as indicating that he is acting in a representative capacity for another, his right to maintain the action is not defeated. In the former instance, the promise was to him individually ; and in the latter, the promise was to him, and with him, for the benefit of another, and necessarily involves a trust, and brings him within the purview of the statute.

Had the account with defendant been opened and kept in the

name of Bierce, with the word "agent" omitted, it will not be disputed that the action would have been maintainable in his name; nor can it be doubted that, had the condition been stated that the money was to be paid to him in trust for the company that he represented, the case would have fallen within the statute, and the action have been maintainable in his name. The object of the legislature, by the enactment of these provisions, was evidently to preserve the right of action in all cases of express trusts; and this, whether the trust was declared in the instrument, or was necessarily to be inferred from it.

Before the enactments of sections 74 and 76 of the Code, this action must have been enforced in the name of the plaintiff; and we think it clear that the former plaintiff, Bierce, falls within the description of persons who are to be considered as trustees of express trusts, within the meaning of these sections of the Code. Bliss, Code Pl., §§ 52–57; Reilly v. Cook, 13 Abb. Pr. 255; Considerant v. Brisbane, *supra;* Brown v. Cherry, 56 Barb. 635; Pom. Rem., §§ 174, 175.

We are also of opinion that the promise of defendant, being a chose in action, was assignable by Bierce, and that the present plaintiffs were properly substituted. The payment of a check for the amount claimed, drawn by Bierce in the usual form of the checks made by him, would have extinguished the defendant's debt and liability. If made payable to the order of the plaintiffs by Bierce, and paid to them, it would also have discharged the obligation. The assignment by him to them, and payment to them thereafter, will have like effect.

As to the intervenor, it is perhaps sufficient to say that the undisputed evidence discloses that, before the judgment was recovered in the action in which he was appointed receiver of the effects of the Black Hills Placer Mining Company, the said company had assigned to these plaintiffs all its right and interest to the fund in suit, with power and authority to sue for and collect the same. Their title, therefore, was superior to that of the intervenor. Civil Code Dak., § 2020; Bostwick v. Menck, 40 N. Y. 383.

The verdict was irregular in some respects, but not ambiguous. It found upon all the issues, and was sufficient to support the judg-

ment as entered.   Pitkins v. Johnson, 2 S. W. Rep. 459 ; Insurance Co. v. Wright, 22 Ill. 462.

The judgment must be affirmed.   All the justices concurring, excepting THOMAS, J., not sitting.   Judgment affirmed.