ELLEN CLARK, RESPONDENT, *v.* THE SAUGERTIES
SAVINGS BANK, APPELLANT.

*Savings bank depositor — payment to the wrong person — authority of such person.*

In an action by a depositor against a savings bank it appeared that one Ellen Clark
had a deposit in the bank; that her husband went to the bank with her book
and asked for the deposit; that the bank officer replied that it was the money of
his wife. The husband then said that it belonged to him, and that his wife had
sent him for the money. The officer gave him a check upon a national bank,
payable to the wife's order. The national bank refused to pay the check with-
out the wife's indorsement. The husband returned to the savings bank; he had
a further conversation with its officer; and stated that he was authorized to do
business for his wife. An indorsement was thereupon made as follows:

"Ellen Clark, as authorized by William $\times$ Clark. Witness: Frank Russell."

Upon this indorsement the national bank paid the check to the husband.

In the transaction both the husband and the savings bank acted upon the assump-
tion that Ellen Clark was the owner of the funds on deposit.

*Held,* that Ellen Clark was entitled to recover the deposit from the savings bank.
That it was not error to exclude evidence offered to show that the deposit was the
property of the husband.

APPEAL by the defendant, the Saugerties Savings Bank, from a
judgment of the Supreme Court, entered in the office of the clerk
of the county of Ulster on the 17th day of April, 1891, upon a
verdict for the plaintiff for $591.25, after a trial at the Ulster Circuit
before the court and a jury, with notice of an intention to bring up
for review upon such appeal an order, entered in said clerk's office
on the 15th day of April, 1891, denying the defendant's motion for
a new trial.

The action was brought to recover the amount of a savings bank
deposit standing in the name of Ellen Clark.

The answer contained, among others, the following allegations:

The defendant alleges that the said money deposited by plaintiff
with defendant was the money, or the greater part thereof was the
money, of William Clark, the husband of the plaintiff, which had
been deposited in said bank by said plaintiff in her own name and
to her own credit.    *    *    *

That said officer of defendant believed said William to be the
agent of the plaintiff for the purpose of drawing said $500, when
he paid out said check, and entered said credit to the defendant on

its books, and upon said pass-book produced by said William Clark; and defendant further alleges and insists that said payment is a full satisfaction and discharge of the sum of $500 of said deposit of $1,030, and is a bar to the plaintiff's alleged cause of action.

*Egbert Whittaker*, for the appellant.

*Brinnier & Newcomb*, for the respondent.

PUTNAM, J.:

The defendant claims that the judgment should be reversed because the court below erred in excluding evidence offered to show that the $500 for which plaintiff recovered was the property of her husband, William Clark.

The offer on the trial was not to show that William Clark had acquired an interest in said deposit for which the action was brought, subsequent to the delivery of the money to defendant, by assignment or otherwise; but that when deposited it was the property of William Clark, in whole or in part, as alleged in the answer.

It may be doubted whether a bank which has received money on deposit, and is sued for the money, can set up as a defense that the depositor was not the owner, at least, unless it proposes, also, to show that the person claimed to be the true owner has, in some legal way, asserted his claim to such money, or prosecuted the bank therefor; or taken some proceeding or action to enforce his claim to said deposit. (*Lund* v. *Seamen's Bank*, 37 Barb., 129; *First Nat. Bank* v. *Mason*, 95 Pa. St., 113; *Sinclair* v. *Murphy*, 14 Mich., 392.)

In this case, under the answer and the facts appearing on the trial, it is difficult to perceive how the testimony offered by defendant could be competent or material. It does not appear that William Clark ever *legally asserted* any claim against the bank for the money on his own behalf. It is true he made a statement to the officers of the bank that he owned it. But he went there as the agent of his wife, carrying her bank-book, and claimed only to draw the money as her agent. The bank officers declined to pay him as it belonged to his wife. The officer of the bank, Mr. Russell, testified in this regard, as follows, viz.: "Q. What next? What occurred on the 26th day of March, 1888? A. On that day her husband, William Clark, brought the book to the bank and asked for $500; I told him I could not pay him that money; it belonged to his

wife; it was deposited in her name, and he said that it was money he had earned; it belonged to him; she had taken it to the bank and put it in her name, although it belonged to him. Then I told him it was necessary for him to get an order from her to draw the money; he said to me, 'You know she can't write an order;' I asked him if she sent him for the money, and he said 'Yes;' they had bought a little place and wanted to pay for it in the morning. Q. Wanted to pay $500 in the morning? A. Yes, sir; I did not have the money, so I drew a check on the Saugerties National Bank for $500, payable to the order of Ellen Clark; the Savings Bank had deposits there; he went out with the check; afterward he came back and said they would not pay the check at that bank unless Mrs. Clark's name was on it; I told him that it was payable to her order, and, of course, necessary for her to indorse it; he asked why he could not do that; I asked him if he was authorized to do business for Mrs. Clark, and ought to indorse for her; he said he was, but that he could not write; so he requested that her name be written on the back; indorsed on the check by him; her name was written on the check, as authorized by William Clark, to which he made his mark before witness."

The money was deposited in plaintiff's name. William Clark took her book to the bank as her agent and received a check payable to her order. The defendant insisted that she was the owner and that he could only draw the money as her agent; to which Clark assented.

The defendant, therefore, not having paid the money to William Clark or acknowledged his title, but having paid it by delivering a check to the party it assumed was plaintiff's agent, payable to her order, it cannot be competent or material to show that William Clark was the owner of the deposit in the bank. Both the defendant and William Clark in the transaction of giving the check, agreed and acted upon the assumption that plaintiff was the owner of the funds in question. The bank, the defendant, decided that plaintiff was the owner of the deposit and acted upon such decision.

This view of the case rendered the evidence so as aforesaid offered by the defendant, and excluded by the court, immaterial; and makes it unnecessary also to consider the claim of the learned counsel for the appellant that the ruling of the judge below was

erroneous in excluding said evidence as based upon constitutional grounds.

The defendant also insists that there was no sufficient evidence of a want of care and diligence of defendant as required under by-law 24 of the bank to justify the submission of the case to the jury. Said by-law is as follows, viz.: Article 24. "Although the bank will endeavor to prevent frauds and impositions, yet all payments to persons producing the pass-books issued by it shall be valid payments to discharge the bank."

It has been held by the Court of Appeals in *Kummel* v. *Germania Savings Bank of Kings County* (40 N. Y. State Rep., 252), in which case the by-law of the defendant contained a provision that "the bank will not be responsible to any depositor for any fraud committed on the officers in producing the pass-book and drawing money without the knowledge or consent of the owner;" that assuming that the by-laws printed in the book are binding upon the depositor and constitute a contract between the parties, the duty still devolves upon the officers to exercise care and diligence in order that their depositors may be protected from fraud and larceny. That case also holds that such clause in the contract between the parties does not permit the officers to carelessly close their eyes and pay any person presenting the pass-book, but, on the contrary, they owe the depositors active diligence in order to detect fraud and forgery.

We think that, on the evidence given in the case, the question of defendant's negligence in delivering the check to William Clark, on which he obtained $500, was properly submitted to the jury, and that the verdict in favor of plaintiff is supported by the evidence. On the evidence given the case could not have been taken from the jury upon this question of negligence. The plaintiff was called as a witness and testified as follows, viz.:

"On the 13th of February, 1888, I deposited in the Saugerties Savings Bank $1,030; I gave the money to Mr. Jeremiah P. Russell, the secretary and treasurer of the bank; I told him not to give that money to any one but me; he did not make me no answer; I says, 'Mr. Russell, give this money to no one but me;' he said all right; my husband drawed out $500 on March 26th, 1888; I did not consent to any person drawing any portion of this money; of

the $1,030 I myself drew out $515, and one $15 before that, making $530; the other $500 I never had."

The deposit was headed "Saugerties Savings Bank in account with Ellen Clark, *Special*." The jury who saw and heard the plaintiff as a witness might have believed her statement, and not the testimony of the officer of the bank, who contradicted her. Assuming that the jury believed plaintiff's statement, there was an express direction, assented to by the defendant, not to give the money in question to any one but the plaintiff. And yet, notwithstanding this agreement, defendant gave a check to William Clark, on which he received the money. There was evidence in the case justifying the jury in believing that William Clark had never before drawn money of plaintiff's, and never had any authority whatever to act as her agent.

On such evidence the question of defendant's negligence in delivering the check to William Clark was properly submitted to the jury. (*Kummel* v. *The Germania Savings Bank*, 40 N. Y. St. Rep., 252; *Allen* v. *Williamsburgh Savings Bank*, 69 N. Y., 314; *Boone* v. *Citizens' Savings Bank of N. Y.*, 84 id., 88; *Appleby* v. *Erie Co. Savings Bank*, 62 id., 12; *Smith* v. *Brooklyn Savings Bank*, 101 id., 58.)

In the Kummel and Allen cases, above cited, there were rules of the respective banks similar to the article on which defendant relies in this case. But the courts hold, as above stated, that the defendants owed the duty to the depositors of active diligence.

In a case like the present, where the deposit was marked "special," where the plaintiff testifies that notice was given to the bank to pay no one but herself, which direction was assented to by the officers of the bank,— where it does not appear that William Clark had ever drawn money before, and the evidence leads to the conclusion that he was not, in fact, authorized to draw any, a court or jury could properly reach the conclusion that defendant had not exercised the care it should to protect the depositor's interests. The giving by the defendant to William Clark of the check on another bank, payable to the order of plaintiff, and the indorsing of said check in defendant's bank with the aid of an officer of defendant, is the same as if the bank had paid the $500 in money to Clark in defiance of the notice that plaintiff had given the bank when making the deposit.

The judge submitted the matter to the jury by a fair and impartial charge. His remark as to the plaintiff's being "a poor old lady" can hardly be deemed an error on which a valid exception can be taken; and if so, the error was cured by the statement made by the judge when his attention was called to such remark. The plaintiff having made the deposit with the defendant and duly demanded payment thereof, the defendant having declined to pay the same, and the jury having found the facts in favor of the plaintiff, she was entitled to recover. It was no defense to the action that the bank had given the check to William Clark, payable to plaintiff's order, unless it appeared that William Clark was authorized to obtain and receive the said check. The evidence in the case was such that the jury could find that William Clark had no authority whatever to act for plaintiff, and was not, in fact, authorized to do so. Hence the obtaining and receiving the check by William Clark is no defense in the action. Plaintiff deposits $500 with defendant and demands it. Defendant cannot successfully defend because it gave a check payable to plaintiff's order to a person who was not authorized to receive it, and which check never comes to plaintiff's hands.

On the whole, we think the case was properly disposed of in the court below, and that the judgment should be affirmed, with costs.

LEARNED, P. J.:

In concurring with the foregoing opinion of my Brother PUTNAM, I wish to add a few words:

I do not feel confident that when William Clark presented plaintiff's book to the bank, defendant, and the defendant gave a check *payable to plaintiff's order*, there was any negligence. The check could not be drawn without plaintiff's indorsement. The defendant did not make the check payable to William Clark, but to plaintiff. The defendant authorized and requested the Saugerties National Bank to pay the money to the plaintiff. Thus defendant protected the plaintiff against a payment to any other person. And I should be inclined to hold that when a bank-book, with such a by-law therein, was presented by a person other than the depositor, the bank *had* endeavored to prevent fraud and imposition when it gave a check on a bank of deposit, payable to the depositor's order.

If a check given under such circumstances were shown to be out-

standing and not accounted for, I am not willing to say that the savings bank would be liable for the amount. For the depositor might have indorsed the check and it might be remaining in the hands of some third party. In which case the savings bank would be liable thereon as drawer if the bank of deposit should refuse to pay. And the payment by the bank of deposit would be a charge against the account of the savings bank therein.

But in the present case the check is shown to have reached the bank on which it was drawn, to have been presented and not to have been refused or protested. Hence no liability of defendant thereon can arise.

The Saugerties National Bank paid the check without the indorsement of the payee. Hence such payment did not authorize that bank to charge the amount paid against the defendant. And the defendant has lost nothing.

The check was indorsed as follows : " Ellen Clark as authorized by William X Clark. Witness : Frank Russell."

Russell, then, was simply a witness to the fact that William Clark had affixed his mark to the indorsement. He was not a witness to any authority possessed by William Clark. One who witnesses an instrument executed by an agent does not, in any way, by such witnessing, assert or guaranty that the agent is authorized by the principal. He only asserts that the agent signed the instrument. Frank Russell, who witnessed the signature, does not appear to have been an officer of the defendant. But, even if he were, the act of witnessing signatures could hardly be within the scope of his duty. So that his act would not bind the defendant. And I have already stated that it bound the witness to nothing but the genuineness of William Clark's mark. The Saugerties National Bank was not misled. It saw that a check to the plaintiff's order had an indorsement purporting to be made by William Clark as her agent. It was for that bank to determine, at its own peril, whether he was such agent. It failed to do this.

The defendant, therefore, has not paid the sum in question to plaintiff or to any one. The money still remains, so far as appears in this action, to the credit of defendant in the Saugerties National Bank.

The plaintiff is entitled to recover. For, as the case appears, the National Bank had no right to charge against defendant's account the money paid on this check.