## MARTIN v. MINNEKAHTA STATE BANK.

1. On the first day of August, 1890, a default judgment was obtained and entered against the defendant and another. Twelve days later an execution previously issued was levied by the sheriff upon money in defendant's possession, which was seized and taken into the actual possession of the officer, who satisfied the judgment and immediately deposited the money to his own individual credit in defendant's bank, taking a negotiable certificate therefor in the usual form, which was immediately thereafter, by indorsement, transferred to plaintiff and placed to his credit in said bank subject to check. After defendant had paid a check drawn by plaintiff upon said account for a portion of the amount so deposited, and after a refusal by the bank to honor a check for the balance thereof, the court vacated and set aside the judgment, for the purpose of allowing one of the defendants to answer. *Held*, in the absence of a stay of execution or order of restitution, that the defendant bank was legally divested of the subject matter of the suit, and not entitled under the circumstances to withhold the money from plaintiff, nor to assert that the same was deposited in the name of plaintiff, but for and on behalf of the judgment creditor.

2. Where a case is tried without a jury, and evidence that is immaterial and incompetent under the pleadings has been admitted by the court over a valid objection, such evidence requires no specific finding of fact and it is not prejudicial error to entirely disregard the same.

3. A court who tries issues of fact and makes its findings and conclusions of law, which are concurrently filed with the judgment based thereon, has power to seasonably make additional though entirely consistent findings, conforming more specifically to the decision as orally announced at the conclusion of the trial and to file the same as of the date the original findings were filed and entered.

4. When a bank receives a deposit and unconditionally places the same to the general credit of the depositor, it becomes liable upon an implied contract to pay his checks drawn thereon when presented, and it is against the general policy of the law to permit such bank, in an action by the depositor to recover money thus voluntarily placed to his credit, to claim to be the owner thereof.

(Syllabus by the Court. Opinion filed July 27, 1895.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action to recover money deposited in bank. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*James W. Fowler* and *W. O. Temple*, for appellant.

Issues raised by the averment of new matter in the defendant's second amended answer are material. Dale v. Burleigh, 1 Dak. 218; Jandt. v. South, 2 Dak. 46; Gear, Scott & Co. v. Spaulding, 51 N. W. 867; Holt v. Van Epps, 2 Dak. 214. A court has no power to set aside, substitute, or change its findings after judgment upon an *ex parte* application and without notice. Smith v. Taylor, 23 Pac. 217; Wenderlin v. Cadogan, 17 Id. 713; Rich v. Rebellion, 2 Id. 703; Cole v. Custer, 3 S. D. 272; Blomothe v. Assay, 24 Pac. 1056; Nephi v. Jenkins, 32 Pac. 968. A general deposit of money in a bank establishes between the depositor and the bank the simple relation of creditor and debtor. Boone on Banking, Sec. 39; 2 A. and E. Enc. Law 93; Phoenix v. Risley, 111 U. S. 125; San Francisco v. Lux, 2 Pac. 254. Upon the reversal of a judgment the debtor is entitled to a return in specie of all the property taken under the judgment and still held by the creditor. 12 A. and E. Enc. Law 125; Freeman on Ex. 347; Corneth v. State, 15 Wis. 317; Bank v. Bank, 6 Pet. 8; McAusland v. Pundt, 1 Neb. 211; Galpin v. Page, 18 Wall. 350; Reynolds v. Harris, 14 Cal. 667; Toogood v. Franklin, 27 Ia. 239; Galt v. Powell, 41 Mo. 416; Buchanan v. Clarke, 10 Gratl 164; Hubbell v. Broadwell, 8 O. 127; Holland v. Adair, 55 Mo. 40. The consideration expressed in a written contract is open to inquiry by oral evidence. Bishop, Cont. Sec. 75. An entry by a bank in a pass book of a depositor in the usual form, crediting him with a certain sum as deposited, does not constitute a written contract and may be explained or contradicted by oral testimony. Branch v. Dawson, 30 N. W. 545; Hotchkiss v. Mosher, 48 N. Y. 478; Mechanic v. Smith, 19 Johns. 115; 4 A. and E. Ency. Law, 102.

*Martin & Mason* and *Chambers Kellar* for respondent.

The court has ample power to file amended findings *nunc pro tunc*, either before or after judgment. Comp. Laws, Sec. 4938; Swanstrom v. Marvin, 37 N. W. 455; Williams v. Ely, 13

Wis. 1; Keep v. Sanderson, 12 Id. 391; Sands v. Church, 6 N. Y. 348; State v. Adams, 50 N. W. 360; Fry v. Bennett, 9 Abb. 45; Thomas v. Turney, 14 How. Pr. 426; Tounsbury v. Purdy, 18 N. Y. 515; Hayes v. Wetherbee, 60 Cal. 396; Bixby v. Bent, 59 Cal. 522. When the court fails to find on a material issue the judgment will not be reversed if the findings must have been adverse to the appellant. Hutchings v. Castle, 48 Cal. 152; Schroeder v. Johns, 27 Id. 281. Immaterial issues need not be found in the findings of the court. Hayne New Trial and App. 240; Fontaine v. Railroad, 54 Cal. 654; McCourtney v. Fortune, 57 Id. 619. Exceptions must be taken to want of findings in order to have the point reviewed. Sayre v. Langton, 7 Wis. 214; Sheldon v. Rockwell, 9 Wis, 166; Ogden v. Glidden, Id. 46. Upon an appeal the party relying upon the insufficiency of the evidence to justify the verdict is required to specify the particulars in which he deems the evidence insufficient. Comp. Laws, Sec. 5081; Holcomb v. Keliher, 54 N. W. 535; 3 S. D. 497; Billingsley v. Hiles, 61 N. W. 687; Register v. Pfister, 58 N. W. 270; 5 S. D. 143; Hayne New Tr. and App. 150.

A bank by accepting a deposit in the name of a depositor is estopped by its own act from disputing the apparent ownership of the fund. Ball on Banks and Banking, 268; McLaughlin v. Bank, 6 Dak. 406; Bank v. Mason, 95 Pa. St. 113; Citizens v. Alexander, 14 Atl. 402; Lund v. Bank, 37 Barb. 129; Straus v. Bank, 25 N. E. 372. A certificate of deposit as well as the deposit entry are written promises to pay absolutely and could not be varied by parol testimony. Comp. Laws, Sec. 3545; Thompson v. McKee, 5 Dak. 172; Stebbins v. Lardner, 48 N. W. 847, 2 S. D. 127; Bank v. Lang, 49 N. W. 414; 1 Daniel Neg. Inst. Secs. 80 and 717; Bank v. Dunn, 6 Pet. 55; Martin v. Cole, 104 U. S. 30; Brown v. Wiley, 20 How. 442; Allan v. Brown, 124 Mass. 77; Peckham v. Gilman, 7 Minn. 355. A general finding that the allegations in plaintiff's complaint are true and those in defendant's answer are not true is sufficient. Hayne, New Tr.

and App. Sec. 242; McEwen v. Jonnson, 7 Cal. 260; Paulus v.
Pacific, 35 Cal. 34; Williams v. Hill, 54 Id. 393; Carey v. Brown,
58 Id. 184.  Error must affirmatively appear from the record to
justify a reversal.  Arneson v. Spawn, 49 N. W. 1068; 2 S. D.
269; Kent v. Ins. C., 50 N. W. 85; 2 S. D. 300; Peterson v. Sig-
linger, 52 N. W. 1060; 3 S. D. 255; Ormsby v. Conrad, 57 N. W.
778.

Fuller, J.    This action, which was to recover certain
funds deposited with the defendant bank, by and to the credit
of plaintiff, on the 14th day of August, 1890, was by stipulation
tried to the court, without a jury, and resulted in a judgment
in favor of plaintiff and against the defendant, for $1,647.57, in-
cluding interest, costs and disbursements; and the defendant
appeals.   The complaint alleges, and the answer admits, that
on the 14th day of August, 1890, plaintiff deposited with the de-
fendant bank to his own account $1,428.52, and upon the same
day drew a check against said account for $23.70, which was
promptly paid when presented, and that a check drawn upon said
account by the plaintiff upon the following day for the full
amount remaining in the said bank to his credit, was presented,
and payment thereof was refused.   It appears from defendant's
answer, and from the evidence in the case, that on the 1st day of
August, 1890, a default judgment was obtained against defendant
and another for $1,410.65 in a cause entitled "Archibald Hanna
v. Tolerton & Stetson Co., a corporation, and the Minnekahta
Bank, a corporation"; that, on the 12th day of said month, by
virtue of an execution issued upon said judgment, the sheriff
levied upon $1,410.65 of the money found in defendant's posses-
sion at its place of business, and, after the seizure thereof, de-
posited the same to his individual credit with the defendant
bank, and as evidence of the transaction took a certificate of de-
posit, in the usual form, payable to his order upon the return
thereof properly indorsed.   The execution was thereupon re-
turned fully satisfied, the judgment discharged of record, and

the certificate of deposit was endorsed and turned over to the plaintiff herein, who was one of the attorneys for the judgment creditor, and who surrendered the same, and apparently deposited with defendant, subject to check, the amount thereof, on the 14th day of August, 1890. On the 26th day of the same month, the court made an order vacating and setting aside said judgment previously discharged and satisfied of record, and the defendant Tolerton & Stetson Company was allowed 30 days within which to answer in said action.

The only issue of fact presented by the pleadings in the case is whether the deposits of the money seized on execution by the sheriff and evidenced by a certificate of deposit issued to him, and which was indorsed to plaintiff, and by the defendant bank placed to the plaintiff's credit, at his request, upon the surrender thereof, were unconditional and in the ordinary course of business, or made subject to an agreement and understanding that the money was in effect to remain the property of and in possession of defendant until after the motion to vacate the judgment was disposed of by the court, and was to be subject to plaintiff's check only in the event said motion was denied. The certificate of deposit issued to Seth Gifford, sheriff, at the time he deposited the money seized on execution in the defendant's bank, contained no conditional stipulation other than a statement that the amount specified therein was payable in current funds to the order of Seth Gifford, upon the return of said certificate properly indorsed, and the entry made in the bank book delivered to plaintiff at the time he surrendered the certificate properly indorsed is unconditional, and indicates a deposit subject to check, according to the custom and usage of banks. The court, apparently upon its own motion, and without notice to defendant's counsel, after finding the substantial issues in favor of plaintiff, and against the defendant, and after the finding and entry of such findings, together with its conclusions of law and the judgment rendered thereon, made certain additional, though consistent, findings of fact, conform-

ing more specifically to the decision as orally announced at the conclusion of the trial; and these latter findings were filed *nunc pro tunc* as of November 7, 1892, bearing the date upon which the original findings of fact were filed and entered. It is maintained by counsel for appellant that a court is without power to make additional findings after the original findings of fact and conclusions of law have been filed and judgment entered thereon. As it does not clearly appear that the original findings were fatally insufficient, nor that appellant was prejudiced by the additional findings, the irregularity complained of should, in our opinion, be disregarded.

Appellant proposed no findings of fact, and, so far as disclosed by the record, no exception was taken to the original findings of the court; and, as the findings are in favor of the plaintiff and against the defendant, and appear to be sustained by the evidence, we would be reluctant to reverse the judgment upon this assignment of error. Hutchings v. Castle, 48 Cal. 152. Under our statute, the court may, in furtherance of justice, when the substantial rights of the adverse party are not affected by the exercise of its discretion, seasonably amend its written findings of fact to correspond to the oral announcement thereof at the time the decision was made, and file the same *nunc pro tunc* after the entry of judgment. Comp. Laws, Secs. 4938, 4939, 4941; Insurance Co. v. Boon, 95 U. S. 117; Williams v. Ely, 13 Wis. 1; Manufacturing Co. v. Adams (Minn.), 50 N. W. 360. Upon the evidence, which was conflicting, concerning the nature of the transaction between the sheriff and plaintiff, and with the defendant bank, the court was reasonably justified in making the following findings of fact: "9. That, on the 1st day of August, 1890, one Archibald N. Hanna obtained a default judgment in this court against the defendant in the sum of $1,410.65; that the said judgment was satisfied in full and discharged of record on August 14, 1890; that said judgment was satisfied by Seth Gifford, as sheriff of Fall River county, by making a levy, on August 12, 1890, upon certain

money in the hands of the defendant bank, to the amount of the said judgment, interest and accrued costs.     10. That, after making said levy and taking the said money into his possession, under the execution and in satisfaction of said judgment, the said Seth Gifford deposited the amount thereof with the defendant bank, on August 12, 1890, taking for said deposit the certificate of deposit hereinbefore referred to; that said deposit was made and said certificate issued absolutely, and in the usual course of business, and without any terms or conditions attached thereto other than as shown in the said certificate; that there was no understanding or agreement between the defendant and the said sheriff that the sheriff would hold the said certificate of deposit until an application of the defendant to set aside said judgment could be heard and determined; nor was it agreed between the said parties that if the said application should be determined in favor of the defendant, that the said sheriff would return the said certificate of deposit to the said defendant; nor were there other conditions or agreements between said parties in regard to the return thereof to the defendant.     11. That, when the plaintiff received the said certificate of deposit by assignment from the sheriff, Seth Gifford, and also when he deposited the proceeds of the same with the defendant bank, he had no knowledge that there were any terms or conditions attached to the said certificate, except such as appeared upon the face of the certificate, or that any such terms or conditions were claimed by the defendant bank to be attached to the said certificate.     The amount of the said certificate was credited to the plaintiff by the defendant on August 14, 1890, absolutely, upon general deposit, in the usual course of business; and there was no understanding or agreement between the parties that in case the judgment of Hanna v. Defendant should be set aside that the said deposit then and there made should be null and void, or that the plaintiff should be allowed to draw his check upon the defendant bank for the amount of the said deposit only in case the said judgment should not be set aside; and

there was no agreement between the said parties that the said deposit should only be made as security that the defendant would pay said judgment in case the court should refuse to set aside the same; and there were no other conditions of like character, or otherwise, attached to said deposit, by the parties plaintiff and defendant." The foregoing and preceding findings cover all the issues presented by the pleadings upon which the case was tried; and, as the answer contains no specific averment nor allegation that reasonably supports an inference that the certificate of deposit was indorsed by Sheriff Gifford, and delivered to and received by plaintiff as one of the attorneys for the judgment creditor, for and on his behalf, the evidence of the plaintiff to that effect, the most of which was admitted over a valid objection, was presumably disregarded by the court, who tried the case without a jury, as no findings of fact relative thereto were made. Defendant, though well aware of the existence of the judgment, took no steps to stay execution, and, when the money was seized in satisfaction thereof, accepted the same as a deposit in due course of business, issuing as evidence of the transaction a negotiable certificate in the usual form, which was transferred to plaintiff by indorsement; and the amount thereof was unconditionally placed to his credit by defendant, and a check for a portion of said amount was unhesitatingly paid when presented. And the fact that plaintiff, as found by the court, had at the time no notice or knowledge that steps had been or would be taken to vacate the judgment is, when considered with all the facts connected with the case, sufficient to free the transaction from any suspicion that both parties did not regard the litigation entirely at an end and the judgment fully and finally satisfied and discharged of record.

The defendant bank, having received and placed the deposit to plaintiff's credit generally, became liable, upon an implied contract, to pay his checks drawn thereon, when presented; and, after such liability has been recognized by a partial performance of the contract, a case is presented which re-

quires a consideration of the principles underlying the custom and usage of banks. When judgment debtors who have obtained no stay of execution have been legally divested of the subject matter of a suit, and the judgment has been thereby satisfied and cancelled of record, it would seem. upon principle, that the subsequent vacation of such judgment for the purpose of allowing one of the defendants to answer is not sufficient, in the absence of an order of restitution, to entitle them to a return of the money with which the judgment was paid and discharged; and when funds so seized have been deposited by and to the credit of the sheriff in a bank owned by one of the judgment debtors, and a certificate of such deposit has been transferred by indorsement to a third person, and again deposited upon the return thereof to the individual credit of such third person and subject to his check, it is against the general policy of the law to permit such bank, in an action by a depositor to recover money thus voluntarily placed to his credit, to claim to be the owner thereof, or to assert that the same was deposited in the name of the attorney, but for and on behalf of the judgment creditors. The case presents an executed contract, unaffected by an order of court made in an action to which such depositor was not a party. McLaughlin v. Bank, 6 Dak. 406, 43 N. W. 715; Farmer v. Rogers, 10 Cal. 335; Bank v. Mason, 95 Pa. St. 113; Bank v. Alexander, (Pa. Sup.) 14 Atl. 402. Bank v. Burkhardt, 100 U. S. 689. Furthermore, it is not claimed that the default judgement was fraudulently obtained, or in any manner invalid, and the presumption is that the default was attributable to the mistake or excusable neglect of the defendants, and that, in the exercise of judicial clemency, the judgment was vacated for the sole purpose of allowing such defendants to answer; and, as between the judgment creditor and the defendants in that case, the subsequent vacation of the judgment would not of itself invalidate nor affect the proceedings already had thereunder in strict compliance with law. 1 Black Judgm. 104. The motion for a new trial was properly overruled, and the judgment appealed from is affirmed.