CHARLES T. WHITSETT, Appellant, v. PEOPLES NATIONAL BANK, Respondent.

**Kansas City Court of Appeals, May 31, 1909.**

1. **APPELLATE PRACTICE: New Trial.** On appeal from an order granting a new trial, the appellate court may sustain such order upon any one or all of the grounds alleged in the motion, though the trial court may have granted the order on an erroneous ground.

2. **BANKS AND BANKING: Deposit: Transfer: Waiver.** The action of a trial court in excluding evidence germane to the issue, whether a depositor had ratified the act of a bank's cashier, in altering a check, transferring his deposit to another customer is reviewed, and held error.

3. ———: ———: ———: ———: **Agreement.** Though a bank receiving a deposit becomes the debtor of the depositor, and cannot question his right to the money, yet when sued therefor, it may show the payment of the money by transfer to another customer pursuant to an agreement and direction of the depositor.

138 App.—6

4. ———: ———: ———: **Check: Alteration.** The alteration of a check varies its legal effect, and though no actual fraud is meditated, it is a fraud in law, and destroys the remedy against the drawer, drawee and payee.

5. ———: ———: ———: ———: **Verbal Order.** A check is not necessary to the transfer of a deposit, since that may be effected by an oral order of the depositor.

6. ———: ———: ———: **Transfer: Waiver.** A depositor whose deposit has been transferred to another customer, may after knowledge thereof, waive his right to his deposit, and this, without any agreement, by his mere acquiescence.

7. ———: ———: **Transfer: Equity.** From the evidence it is held that the equity of the case is wholly against the plaintiff.

Appeal from Johnson Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*Morrow & Kelley* for appellant.

(1) No transfer of fund was made to be waived or ratified. (2) No evidence of a transfer of the fund from Whitsett to Ferguson. (3) To constitute waiver there must be both knowledge and acquiescence, something must be done or the party must forbear the doing of something. Williams v. Railroad, 153 Mo. 519; Haysler v. Owen, 61 Mo. 274; Johnson Co. v. Lowe, 72 Mo. 637. The knowledge must be actual. Thresher Co. v. Pierce, 74 Mo. App. 684; Webb v. Allington, 27 Mo. App. 559. (4) Acquiescence no waiver unless estoppel. Fairbanks, Morse & Co. v. Basket, 98 Mo. App. 65; Blodgett v. Perry, 97 Mo. 263; Royal v. The Aultman Taylor Co., 116 Ind. 242, 2 L. R. A. 562; Coal Co. v. Murphy, 101 Ind. 115. (5) Estoppel essence of waiver. Blodgett v. Perry, 97 Mo. 263; Williams v. Neely, 134 Fed. 1, 69 L. R. A. 240. (6) No consideration for waiver. Fairbanks, Morse & Co. v. Basket, 98 Mo. App. 64. (7) Subsequent knowledge will not constitute ratification. Bank of Ravenna v. Dobbins, 96 Mo. App. 696.

(8) Both ratification and waiver must be pleaded. McClanahan v. Payne, 86 Mo. App. 284; Webb v. Allington, 27 Mo. App. 559; State ex rel. v. Peterson, 142 Mo. 526.

*O. L. Houts* for respondent.

(1) If for any reason assigned in the motion for a new trial the verdict should have been set aside this court will affirm the ruling of the trial court: Ittner v. Hughes, 133 Mo. 679; Hewitt v. Steele, 118 Mo. 463; Bank v. Armstrong, 92 Mo. 265; State ex rel. v. Adams, 84 Mo. 310. (2) Defendant gave plaintiff credit for $411.42 and thereby became plaintiff's debtor to that amount. On the same day defendant for value became the owner of plaintiff's check to Ferguson, duly endorsed by him, for the same amount, and gave Ferguson credit therefor and plaintiff by reason thereof became defendant's debtor to the amount of the check, $411.42, and defendant and plaintiff were mutually indebted to each other in the same amount. At the same time and as a part of the same transaction defendant charged the check to plaintiff's account, thereby balancing the account and leaving no indebtedness from defendant to plaintiff. On these facts plaintiff could not recover and the trial court committed error in giving plaintiff's peremptory .instruction. Defendant's peremptory instruction should have been given and judgment entered in its favor. O'Grady v. Bank, 106 Mo. App. 369; Bank of Quincy v. Tutt, 5 Mo. App. 342; Munch v. Bank, 11 Mo. App. 144. (3) Plaintiff, with knowledge of the essential facts of this transaction, that the proceeds of the sale of Ferguson's cattle had been sent to defendant's bank and had been by the .Bank placed to Ferguson's credit and that Ferguson had received it, acquiesced therein for a period of two months and a half. This constituted waiver on his part and precludes him from recovering in this action, and this defense like defendant's second proposition in this brief is complete in itself re-

gardless of every other fact and circumstance in the case and is not based on the check. Knowledge and acquiescence constitute waiver. The court therefore, to say the least, committed error in failing to submit the question of waiver to the jury. Fulkerson v. Lynn, 64 Mo. App. 652; Workman v. Campbell, 57 Mo. 53; 2 Cyc., 172; King v. Hunt, 13 Mo. 97; Bank v. Gray, 63 Mo. 33; 2 Cyc., 187; Henderson v. Koenig, 192 Mo. 690.

JOHNSON, J.—Plaintiff sued defendant bank to recover a deposit. Special defenses to which we shall refer were interposed in the answer. In obedience to a peremptory instruction from the court, the jury returned a verdict for plaintiff for the amount claimed in the petition, but on the hearing of the motion for a new trial, filed by defendant, the court set aside the verdict and granted a new trial. Plaintiff appealed.

Plaintiff, a dealer in live stock at Centerview, a town about six miles from Warrensburg, shipped some cattle in his own name to Kansas City and sold them on the market on January 17, 1906. A commission firm acted as his agent and, pursuant to his instructions, deposited the net proceeds of the sale ($411.42) in a Kansas City bank to the credit of defendant, a bank at Warrensburg, for the account of plaintiff. The Kansas City bank notified defendant by letter as follows: "We credit your account $411.42 deposited with us by direction of C. T. Whitsett." Defendant received this letter January 18th and immediately entered the sum on its books as a deposit of plaintiff. Before the cattle were shipped in the name of plaintiff, Charles Ferguson, a live stock dealer at Warrensburg, had told the cashier of defendant bank that he was about to ship some cattle to the market at Kansas City and that the proceeds would come to defendant for deposit to his account. Ferguson called at the bank on the day it received the notice of the deposit in the Kansas City bank, and asked the cashier if the proceeds of the sale of his cattle had been

received.   The cashier replied that the proceeds had
been deposited at Kansas City in the name of plaintiff
and entered on defendant's books to plaintiff's credit.
Ferguson declared a mistake had been made, that the
cattle shipped and sold in the name of plaintiff belonged
to him (Ferguson) and that the proceeds should have
been entered to his credit.   The cashier then told Fer-
guson to bring plaintiff in and "we would fix that up in
a minute."   Ferguson left and returned in a short time
with a check to his order, signed by plaintiff, for the
exact amount of the deposit.   The cashier discovered
the check was drawn on the Bank of Centerview instead
of on defendant bank and called Ferguson's attention to
that fact.   Ferguson said "Well, it should have been on
this bank.   He surely made some mistake; this is my
money for my own individual cattle and he has evidently
made a mistake; should have drawn that on the Peoples
National Bank."   It appears plaintiff was not a regular
customer of defendant but transacted his banking busi-
ness with the Bank of Centerview.   Satisfied a mistake
had been made by plaintiff and that the check was in-
tended to be on defendant bank, the cashier told Fergu-
son to endorse it and after this was done, immediately
altered the check to make it read on defendant bank and
then charged the amount on the books to plaintiff and
gave Ferguson proper credit.   No certificate of deposit
or pass book was issued by defendant to plaintiff nor
did plaintiff issue any checks against the deposit.
About two months after the transfer to Ferguson the
Bank of Centerview failed.   Plaintiff had continued to
do business with that bank and on the day of the failure
gave checks to farmers in payment of live stock pur-
chased from them.   Learning that the bank had closed
its doors, the holders of these checks went to plaintiff for
their money.   He told them his money was in the bank
that failed and that he had no other funds.   One of the
farmers insisted on payment and plaintiff told him "I
cannot give you a check here (meaning on a bank in

Warrensburg) but Ferguson will give you a check on the Peoples National Bank." The farmer agreed to take Ferguson's check if the bank would cash it. They went to Ferguson and he gave his check on defendant bank for the amount of the debt and the farmer took the check to defendant bank and received the money. A few days later, plaintiff called at the bank and asked the cashier to give him the amount of his deposit. The cashier told him he had no funds to his credit as he had transferred the amount of his deposit to Ferguson. Plaintiff asked the cashier to show him the check by which the transfer had been made. The cashier at first refused but afterward, under considerable pressure, produced the check. Plaintiff denounced it as a forgery and then presented a check for the amount of the deposit. The cashier refused to honor the check and this suit followed.

The answer begins with the admission that on the —— day of March, 1906, plaintiff drew his check on defendant bank for $411.42, presented it for payment during banking hours and that defendant refused to pay it. Then follow a general traverse and four special defenses. In the first of these defendant admits receiving the deposit for plaintiff's account, but alleges that the money belonged to Ferguson and that "defendant transferred said credit and gave credit for the said sum to the said Charles Ferguson, at his instance and request, and afterwards paid out the same to him upon his order, and that plaintiff directed that said credits be entered to said Ferguson, and that payment of the said money be made to him, and agreed and assented thereto." The second special defense in purport and effect is a plea of waiver and estoppel. In the third defense, it is alleged that plaintiff and Ferguson were partners, that the deposit was partnership property and that Ferguson "as one of said firm, had a right to receive the said sum of money, and that payment thereof by defendant to him made by it was a full and complete discharge

of any and all obligations of defendant to plaintiff."
The fourth special defense thus is stated: "Defendant,
further answering, states the facts to be that on the
18th day of January 1906, defendant received notice
from the Union National Bank of Kansas City, Mo., that
it had placed to the credit of defendant, by the direction
of plaintiff, $411.42; that on the same day defendant
placed to the credit of plaintiff the said sum of $411.42;
that said sum of money belonged to and was the prop-
erty of one Charles Ferguson; that said Ferguson so
notified defendant before and after the said entry of
credit was made, and demanded credit for the same; that
on the said 18th day of January, 1906, plaintiff drew a
check dated on said date, payable to the order of said
Charles Ferguson, for the said sum of $411.42, and di-
rected to the Bank of Centerview, Centerview, Mo.; that
said Ferguson on said last-named date endorsed said
check in writing and transferred and delivered the same
to this defendant, whereupon on receipt of said check
this defendant at said last named date placed the said
sum of $411.42 to the credit of the said Ferguson, and
afterwards paid out the same to him and upon his or-
der; that defendant never presented said check to the
bank of Centerview for payment, but herewith files the
same, and tenders and offers it back to plaintiff, and that
plaintiff, by reason of the said failure of defendant to
present said check to said Bank of Centerview, has suf-
fered no loss or damage."

All of these affirmative defenses are put in issue by
an appropriate reply.

The motion for a new trial was sustained on the
ground that "the court erred in giving a peremptory in-
struction in this, that the question of waiver should have
been submitted to the jury." We have reached the con-
clusion that a new trial was properly granted on the
ground stated by the court and that other grounds as-
signed in the motion for a new trial likewise should
have been sustained. These other grounds must be

deemed to have been overruled by the trial court, but they are before us for consideration under the well-settled rule in such cases that all the grounds alleged in a motion for a new trial are before the appellate court for review, though the trial court sustain but one of them and that, perchance, one in which there was no error. [Ittner v. Hughes, 133 Mo. 679; Hewitt v. Steele, 118 Mo. 463; Bank v. Armstrong, 92 Mo. 265; State ex rel. v. Adams, 84 Mo. 310.]

Throughout the trial, the court in ruling on objections to evidence offered by defendant acted on the theory that the one question of fact at issue was whether plaintiff ratified the act of defendant's cashier in altering the check given by plaintiff to Ferguson. On this theory, the court excluded much of the evidence, we think erroneously. The pleadings properly raised the issue that the transfer of the deposit from plaintiff to Ferguson was made by defendant pursuant to a valid oral agreement between the parties and, as we shall show, that issue should have been regarded as one open to proof. Most of the excluded evidence was germane to that issue and should have been admitted.

What we shall say in the discussion of the law of the case will sufficiently suggest our views relating to the rulings of the court on the admissibility of evidence, without special reference to the rulings. Material facts defendants offered to prove thus may be summarized: Ferguson, who either was a partner or an employee of plaintiff, owned some cattle which he shipped to market in the name of plaintiff, with the understanding between him and plaintiff that the proceeds of the sale were to be deposited with defendant to the credit of Ferguson. By mistake, the deposit was made in the name of plaintiff who had no interest in the cattle or their proceeds. Ferguson and plaintiff then agreed orally that the deposit should be transferred to Ferguson, the rightful owner, and to effectuate this agreement, plaintiff gave Ferguson his check for the exact amount of

the deposit, intending to direct the check to defendant bank, but in using a blank check on another bank where he transacted business, he failed to erase the name of the bank printed thereon and to substitute therefor the name of defendant bank. Defendant's cashier, being informed of these facts and being satisfied that the money belonged to Ferguson, that plaintiff had agreed that it might be transferred to him, that the check was given for that purpose, and that the failure properly to direct it was a mere mistake, concluded to make, and did make, the transfer without requiring Ferguson to return to plaintiff for another check. The act of the cashier in altering the check was in good faith, but it was a serious blunder and is the foundation of this lawsuit. It is astonishing, to say the least, that a man of long experience in handling commercial paper, would deliberately spoliate in this way a negotiable instrument, the validity and preservation of which were matters of importance to the institution he served. There is no direct evidence in the record of the existence of an agreement between plaintiff and Ferguson that the deposit in defendant's bank should be transferred, and defendant was not required to prove that fact by direct evidence, but could establish it by facts and circumstances from which its existence might follow as a reasonable inference. The facts and circumstances adduced very strongly support such inference. In addition to the facts to which we have referred, it appears that plaintiff, at the time he gave the check to Ferguson, was overdrawn at the Bank of Centerview and knew that his check for that amount would not be honored by that bank. He must have known that the transfer had been made by defendant and, apparently, was satisfied and went on with his business affairs in a manner to indicate that he did not think he had a deposit with defendant. He bought and sold and had use for the money if it belonged to him, but he did not attempt to use it, and when greatly embarrassed by the failure of the Center-

view bank, did not attempt to relieve his embarrassment by checking on defendant bank.  These facts bespeak the existence of a valid contract for the transfer of this deposit, as well as knowledge and ratification of  the transfer and of the act of the cashier in altering the check.  Plaintiff argues: "The bank having received the deposit from Whitsett and given him credit for it on its books, he became its depositor, and the bank  when sued by him cannot question his right to it and plead title or ownership in another.  An attaching creditor or the true owner can, but the bank cannot."  Citing Morse on Banks and Banking, Vol. I, sec. 342; Lund v. Seaman's Bank, 37 Barb. 129; Citizens National Bank v. Alexander, 120 Pa. St. 113; Interstate Bank v. Claxton, 97 Tex. 569, 80 S. W. 604; Martin v. Minnesota State Bank, 7 S. D. 263, 64 N. W. 127; German Bank v. Hemsted, 46 Ark. 537; Century Digest, Vol. VI, p. 1219; 5 Cyc., 517.

We accept this rule but say that it does not preclude defendant from showing that it paid out the deposit by transfer on its books to Ferguson, pursuant to the agreement and direction of plaintiff the depositor.  Further, plaintiff argues that the deposit was not legally transferred because of the alteration of the check by defendant, the indorsee.  We concede no authority to make the transfer was conferred on defendant by the check.  In the first place, the check was not directed to defendant, but to another bank.  Consequently, it amounted  to nothing more than mere evidence to the cashier of an intention on the part of plaintiff to pay over to Ferguson the amount of the proceeds of the sale of the cattle.  Had the cashier refrained from mutilating the check, defendant, if called on for the deposit by plaintiff would have had to justify its refusal to pay the money to him by establishing the facts that it had transferred the deposit pursuant to his agreement with Ferguson that it should be so transferred and that he had authorized Ferguson to attend to having the transfer made.

Certainly a check drawn on another bank would not, of itself, be sufficient evidence of the right to make the transfer. In the second place, the alteration of the check by defendant so completely destroyed it that defendant thereby deprived itself of all rights and remedies under that instrument which otherwise it would have had against plaintiff, Ferguson, or the Bank of Centerview. And it is immaterial that the cashier acted from an honest, not a fraudulent motive. "An alteration which in any degree varies the legal effect of the instrument, to the prejudice of the other party releases the latter from it, though no actual fraud is meditated. An alteration is a fraud in law when not a fraud in fact." Law v. Crawford, 67 Mo. App. 150; Laws 1905, p. 257, secs. 119, 124; German Bank v. Dumm, 62 Mo. 79; Evans v. Foreman, 60 Mo. 449; Moore v. Hutchinson, 69 Mo. 429; First National Bank v. Fricke, 75 Mo. 178; Morrison v. Garth, 78 Mo. 434.

But with the check completely emasculated, it still appears from the evidence offered that defendant had ample authority for the transfer. Though usually banks do not pay out the money of depositors except on the depositor's checks, a check is nothing more than a written order and there is no reason in law for saying that a bank may not lawfully pay out or transfer money on a depositor's account by oral order. Suppose, for example, plaintiff and Ferguson had gone to the bank and plaintiff had told the cashier to transfer the deposit to Ferguson, as the money belonged to him, and accepting this oral order, the cashier had made such transfer, would anyone have the hardihood to contend that the transfer was invalid because made without a written order? In effect, this is just what occurred in the present instance. Plaintiff did not go to the bank in person, but he did agree to the transfer and it is a fair inference to say that he authorized Ferguson to communicate the agreement to defendant in order that the transfer should be made and afterward ratified it by his

silence and apparent acquiescence in what the bank did. We conclude that the evidence tends to show the existence of a legal transfer and that the issue thus raised should have been submitted to the jury.

But if it might be said that the transfer was made without authority from plaintiff, still the facts and circumstances we have detailed tend to sustain the defense that knowing of the transfer plaintiff ratified it by his conduct and should be held to have waived his right to recover the deposit. This defense was sufficiently pleaded and the evidence presents it as one of fact for the jury. The questions of law on this branch of the case are well disposed of in the following excerpt from the opinion of Ellison, J., in Fulkerson v. Lynn, 64 Mo. App. l. c. 653:

"There is no necessity for setting out the evidence here, but a perusal of it has left no doubt in our minds that it was sufficient to authorize the hypothesis submitted to the jury. The question of what plaintiff intended by his conduct and conversation was one which could only be determined by the jury, and they could only interpret his intention by the language he used, under the circumstances existing when he used such language. It is said in West v. Platt, 127 Mass. 372, that: 'A waiver is indeed the intentional relinquishment of a known right; but the best evidence of intention is to be found in the language used by the parties. The true inquiry is, what was said or written, and whether what was said indicated the alleged intention. . . . The secret understanding, or intent of the defendants, or their agents could not affect his (plaintiff's) rights.' . . . Much of plaintiff's contention against the defense of waiver is based on the idea that there must be an agreement in order to make a waiver. A waiver may be made by an agreement, but it may also be made without an agreement. It depends altogether on the nature of the matter to which the waiver pertains. The case of Haseltine v. Ausherman, 87 Mo. 410, and Reed v. Lam-

bertson, 53 Mo. App. 76, cited by plaintiff, have no application to this case.

"So the same may be said with respect to the necessity for a consideration. There are many instances where a waiver must be upheld by a consideration, but it is by no means so in all cases. Thus, it is familiar that a forfeiture may be waived by certain acts or conduct, without any agreement or consideration therefor. The doctrine of waiver of forfeiture does not stand on any advantage accruing to the one, or injury sustained by the other. [People v. Manhattan Co., 9 Wend. 381.] The statute of limitations may be waived, without an agreement or a consideration. 'The doctrine is familiar that no man is compellable to stand on a right which the law gives him. He can always waive it, if he chooses.' [Bishop on Contracts, secs. 94, 95.]"

The learned trial judge did not err in granting a new trial. We cannot refrain from adding that the equity of the case is wholly against the plaintiff. In the opening statement of his counsel to the jury, it is conceded that the cattle and their proceeds were Ferguson's property. It appears that the check plaintiff gave Ferguson was not presented for payment to the Bank of Centerview, and, further, that plaintiff lost nothing by the failure of that bank. Therefore, he is in the attitude of seeking to hold defendant doubly liable for the deposit when he has no claim for the money and has suffered no injury or loss at the hands of defendant. He should never have brought the suit and would do well now to dismiss it.

The judgment is affirmed. All concur.