JOHN M. GIBSON, Guardian of the person and curator of the Estate of MARION L. SMITH, Respondent, v. THE FIRST NATIONAL BANK OF JEFFERSON CITY, Appellant.

In the Kansas City Court of Appeals, December 4, 1922.

1. **BANKS AND BANKING: Deposit: Instruction: In an Action to Recover Amount Deposited to Credit of Minor Which Had Been Withdrawn by Minor's Stepfather Instruction Held not Erroneous in Failing to Credit Bank for Subsequent Deposits Made by Stepfather.** In an action brought by a guardian of a minor to recover a sum of money deposited to the credit of the minor in a savings account opened by minor and which was paid by bank to minor's stepfather on his presentation of check therefor and the pass book, an instruction that if jury should find certain facts, it should return a verdict for plaintiff, *held* not erroneous as ignoring amount subsequently deposited to minor's credit by his stepfather,

and thereafter withdrawn by minor where amount so deposited was an additional sum to which minor was entitled and did not constitute a part of amount previously withdrawn and for which suit was brought, but constituted part of the proceeds of the sale of personal property of minor's deceased mother.

2. ———: Interest: Demand: Evidence as to Date of Demand on Bank for Money Deposited to Credit of Minor Held to Support Instruction Authorizing Allowance of Interest from Such Time. In an action to recover from a bank amount deposited in savings account to credit of minor, which paid the same to minor's stepfather on presentation of pass book, evidence as to date of demand on bank for deposits held sufficient to support instruction authorizing allowance of interest from such time.

3. ———: Under Statute a Bank was Liable to Depositor Where it Paid Amount Deposited to Another Without Written Authority. Under sections 11779 and 11877, Revised Statutes of 1919, a bank was liable for amount deposited by minor which it paid over to minor's stepfather on presentation by him of pass book, unless stepfather had authority in writing to withdraw the funds.

4. ———: Evidence: Presumption: Admission of Parol Evidence as to Wills, Deeds and Other Documents as Proof as to Source of Money Deposited, Held not Prejudicial Where Unnecessary, in View of Presumption that Money Deposited to Credit of Minor Belonged to Him. In an action against a bank to recover amount deposited to credit of minor, which amount bank paid over to minor's stepfather without written authority therefor, admission of parol evidence of wills, deeds and other documents for purpose of showing sources of money deposited, held not prejudicial where proof as to sources of money deposited was unnecessary in view of the fact that the money deposited to credit of minor was prima-facie evidence that it belonged to him, although such presumption could be overcome by evidence.

Appeal from the Circuit Court of Cole County.—*Hon. John G. Slate,* Judge.

AFFIRMED.

*Irwin & Halcy* for respondent.

*Ira H. Lohman* for appellant.

ARNOLD, J.—This action was brought by John M. Gibson, guardian of the person and curator of the estate of Marion L. Smith, a minor, against the First National Bank of Jefferson City, Mo., to recover the sum of $563.51, deposited to the credit of said minor, and which the bank refused to pay over to the curator.

The facts presented by the record are that Marion L. Smith, a minor about seventeen years of age, lived with his uncle who was duly appointed his guardian and curator a short time after the death of the mother which occurred February 7, 1920, his father having died in 1905 at Fredonia, Kansas. Upon the death of her husband, the mother was appointed guardian and curator of the minor, the father having left certain real estate to his widow and son. In 1912, Mrs. Smith, the widow, was married to one Henry L. Pickett and in 1915, together with her son Marion, they moved to Jefferson City.

On January 3, 1917, a savings account was opened by the minor herein with the defendant bank, the first deposit being $100, money belonging to him derived from the farm left by his father. From time to time thereafter deposits were made to the credit of said minor, by himself and his mother, amounting in all to the sum of $613.51, some of which was derived from the farm aforesaid, and some from the earnings of his mother from keeping roomers.

On February 2, 1920, Henry L. Pickett, the step-father of the boy, drew a check against said account in the sum of $50, and presented it to defendant bank for payment, together with the pass book of the minor, and on February 14, 1920, Pickett withdrew $100 by check and on the same day $463.51, in a similar manner, thus exhausting the account. Each check so presented was signed Marion L. Smith, Owner of said Pass Book, per H. N. Pickett. The said account was carried upon the books of defendant bank as account No. 17, and the pass book was so numbered.

On March 4, 1920, before leaving for the State of California, Pickett sold all of the furniture and household

213 M. A.—5

goods of his deceased wife, and deposited in the defendant bank the sum of $262.80 to the credit of the step-son, which he designated as the step-son's share of the proceeds of said sale. Upon receiving this deposit, the defendant bank issued another pass book in the name of Marion L. Smith, and numbered it 17, the former pass book having been surrendered to the bank by Pickett at the time the former account was closed. This amount of $262.80, so deposited, was withdrawn from the bank by Marion L. Smith and is not included in the amount sued for in this case.

The petition alleges the deposit of the funds above referred to and that plaintiff is entitled to the possession, use and custody of the same and that he has made repeated demands for said sum, but that defendant has refused and continues to refuse to pay over said deposit, or any part thereof to plaintiff. The prayer is for the sum of $563.51, with interest at six per cent per annum from March 1, 1920.

The answer denies that John M. Gibson is the duly appointed guardian and curator of said minor; denies that there is on deposit in the defendant bank the sum of $563.51, or any other sum belonging to said minor, or that plaintiff is entitled to the possession, use and custody of said sum of money or any other sum.

As an affirmative defense, the answer alleges that at the time of this suit, there was not on deposit any money to the credit of said minor, or in any other person's name for him; that any sum of money that may have been deposited with defendant, by or for said minor, was deposited on savings account, and was legally and lawfully withdrawn in accordance with the law relating to savings deposits in the State of Missouri and the United States, and in accordance with the by-laws of defendant bank and the rules of savings deposits and the savings deposit book duly and legally surrendered by said minor. The reply is a general denial.

The cause was tried to a jury on February 7, 1922, resulting in a judgment for plaintiff in the sum of $563.51,

principal, and $61.82, interest. Motions for new trial and in arrest were duly filed and by the court overruled. Defendant appeals.

Plaintiff's cause is based upon the provisions of the statute, as found in sections 11779 and 11877, Revised Statutes 1919, as follows:

"When any deposit shall be made by or in the name of any minor, the same shall be held for the exclusive right and benefit of such minor, and free from the control or lien of all other persons, except creditors, and shall be paid, together with the interest thereon, to the person in whose name the deposit shall have been made, and the receipt or acquittance of such minor shall be a valid and sufficient release and discharge for such deposit or any part thereof to the bank."

"Whenever any deposit shall be made by or in the name of any person being a minor, . . . the same shall be held for the exclusive right and benefit of such depositor, and free from the control or lien of all persons whatsoever, except creditors, and shall be paid, together with the interest thereon, upon production of and proper entry in the pass book at the time of such payment, and in accordance with the by-laws of the corporation, to the person in whose name the deposit shall have been made, and the receipt or acquittance of such minor . . . shall be a valid and sufficient release and discharge for such deposit, or any part thereof, to the corporation."

Plaintiff declares that defendant being a national bank is subject to the provisions of the statute just quoted, and cites 7 C. J., p. 760, par. 585, relating to Banks and Banking, as follows:

"As national banks are subject to the paramount authority of the United States, it follows that an attempt by a State to define their duties or to control the conduct of their affairs is absolutely void whenever such attempted exercise of authority expressly conflicts with the laws of the United States, and either frustrates the purposes of the national legislation, or impairs the efficiency of the agencies of the Federal Government to dis-

charge the duties for the performance of which they were created. But national banks are subject to the laws of the State and are governed in their daily course of business far more by the laws of the State than by those of the nation. All their contracts are governed and construed by State laws; their acquisition and transfer of property; their right to collect their debts and their liability to be sued for debts are all based on State law. It is only where the State law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional.''

The defense is based upon the theory that in the withdrawal of his step-son's deposit, Pickett was acting as the agent of the minor, and that the bank was authorized to pay said money to Pickett because of a by-law, or rule of the bank printed in the pass book, to the effect that: ''The Bank shall not be liable for payments made to any person who shall produce the deposit book of the depositor unless notice shall have, previous to such payment, been given to the Bank by or in behalf of the depositor that said book has been lost, mislaid, stolen or otherwise passed from the possession of the true owner thereof.'' It is urged that the deposit book thus made the account payable to the bearer of the book, that H. N. Pickett presented said book each time he withdrew any money from the account, and that no notice was given the bank that the pass book was lost, mislaid or stolen.

The first point urged by defendant for reversal of the judgment is that instruction No. 1 for plaintiff is erroneous because it instructs the jury that upon finding certain facts they should find the issues for plaintiff in the sum of $563.51, with interest at six per cent from March 1, 1920. It is insisted that the only theory upon which plaintiff could recover is that defendant had unlawfully allowed the money to be withdrawn, and that the evidence tends to show that Pickett re-deposited $262.80 of his own money to the same account from which he had withdrawn the money herein sued for. The charge against the instruction is that it ignores this credit.

An examination of the record discloses that the $262.80 above referred to was part of the proceeds of the sale of the household goods of the minor's deceased mother, and that at the time, or just prior to said deposit, Pickett had stated to the minor that it was his (the minor's) part of the proceeds of that sale. Further defendant alleges that as Pickett was entitled to the personal property of the deceased mother, that the amount so deposited to the credit of the minor was voluntary and the bank should have credit against the original deposit in that amount.

As we view the circumstances, the last-named deposit was an additional sum to which the minor was entitled and legally has no part or consideration in this suit. The court is the judge of the law, and the exclusion of defendant's theory as to this matter was not error.

This instruction is further attacked for the reason that it required the jury to find interest on the amount for which the suit is brought, from March 1, 1920. The petition charges that demand was made upon defendant for the sum sued for, but defendant declares there is absolutely nothing in the record to show when a demand was made, and that it was error to fix the date March 1, 1920, in the instruction as the date when interest should begin.

The testimony tends to show that neither the guardian nor the minor had any knowledge of the withdrawal by Pickett, of the funds on deposit, until about two weeks after February 14, 1920, the day the last check was drawn. Gibson testified that when it was learned that the funds had been withdrawn by Pickett, as above stated, he went to the bank and demanded payment. We think this evidence is substantial as to the date of the demand and that it is sufficient to support the instruction. The deposit book having been surrendered to the bank by Pickett at the time the last check was drawn, of course it was impossible for Gibson to have accompanied his demand with the surrender of the book. Our attention is called to the case of Donijanovic v. Hartman, 169

Mo. App. 204 l. c. 210, which would seem to determine that question. We hold there was no error in the giving of instruction No. 1.

Criticism is directed to instruction No. 2, inasmuch as it told the jury, in effect, that no person other than Marion L. Smith had the right to withdraw the funds unless authority therefor in writing was presented; and that if the fund was withdrawn by checks drawn by H. N. Pickett, and the money paid over to Pickett, such payment constituted no defense. It is charged that th'e instruction is a comment on the evidence.

We cannot accept this contention as sound. The instruction declares the elementary law in such cases as applied to the evidence herein. Citations are unnecessary on this point. This ruling also applies to defendant's charge that instructions A, C, D, E, F, G, & H, asked by defendant and refused by the court, should have been given. As these instructions were based upon defendant's erroneous theory of the law, their refusal was proper.

Point 5 of defendant's assignments of error, is directed to the refusal of the court to submit to the jury defendant's instructions K and L. These instructions were refused by the court in the form in which they were offered because they failed to declare that authority of the minor, in writing, was a prerequisite to the legal withdrawal of the funds by Pickett. The court gave the instructions after inserting the words "in writing" after the word "authorized." The action of the court in this respect was proper. An examination of defendant's citations on this point discloses that they do not affect this ruling.

Under point 6, defendant insists that the court erred in admitting the parol testimony of Mary Burke Turpin to prove records of wills, deeds and other documents; that the originals were not produced and no reason given for their absence.

This position is untenable for the reason that the testimony of the witness was directed to the point of

showing the sources of the money deposited. The production of these instruments was unnecessary. Plaintiff assumed an unnecessary burden in presenting this evidence. The fact that the money was deposited to the credit of Marion L. Smith is prima-facie evidence that it belonged to him. This presumption, of course, could be overcome by evidence. The parol testimony could not have been prejudicial to defendant even though it had been improperly admitted.

Defendant's point 7, refers to the refusal of the court to submit the question of defendant's right to a credit of the amount of $262.80 deposited by Pickett as the minor's share of the proceeds of the sale of his mother's household goods. This question has already been discussed in what we have said above . . . Points 8, 9, 10 and 11 are directed to the verdict which, it is insisted, assesses no damages and will not support the judgment; that it includes interest when no date of demand is proved; that it is indefinite, uncertain, and that the instructions, as a whole, are conflicting.

As to the first of these objections, no damages are claimed; the verdict is for plaintiff in the amount sued for and interest. The judgment entry of record follows the verdict. Other points raised have been covered herein. We fail to find reversible error of record, the judgment is for the right party and is affirmed.

All concur.