··(No. 4967.   March 31, 1928.)

SIMON LIND and JOHN JENSEN, Copartners, Doing Business Under the Firm Name and Style of LIND & JENSEN, Respondents, v. E. W. PORTER, Commissioner of Finance of the State of Idaho, Appellant.

[266 Pac. 419.]

Stephan & North, for Appellant.

S. T. Lowe, for Respondent.

HARTSON, Commissioner,—This is an appeal by the commissioner of finance from a judgment modifying his classification of a claim filed against the Commercial State Bank, an insolvent bank.

Respondents, on December 1, 1921, had on general deposit, subject to check, in the Commercial State Bank, the sum of $1,790.36. Lind & Jensen owed one Taylor $1,389.93, and by telephone requested the Commercial State Bank to forward to the First National Bank of Ririe the sum of $1,389.93, which the bank promised and agreed to do for the payment of the amount due from Lind & Jensen to Taylor. The bank thereupon drew its cashier's check in favor of the First National Bank of Ririe, in that sum, and forwarded it to the bank at Ririe, thereupon charging the amount of its cashier's check to the account of Lind & Jensen, leaving a balance to their credit, subject to check, of $400.43. The cashier's check failed to clear before the bank failed on December 9, 1921, on which date it was presented for payment, protested and payment refused. Lind & Jensen subsequently paid their debt to Taylor. Respondents' claim was for $1,790.36.

The commissioner of finance allowed the claim, but classified $400.43 under Sess. Laws 1921, subd. 3, sec. 13, chap. 42, and $1,389.93 under subd. 4. Upon appeal, the trial court classified the entire amount under subd. 3.

Respondents' claim was filed as a debt due a depositor, the theory being that the bank's action in charging the amount of the cashier's check against their account was unlawful, and in contemplation of law the account still stands undepleted on account of the transaction.

Assignments of error raise the question whether the bank had authority to charge the account of Lind & Jensen with the amount of the cashier's check for $1,389.93.

When the telephonic order was given to the Commercial State Bank "to remit that money" to the First National Bank of Ririe, or to Tom Taylor, in care of the bank at Ririe, nothing was said as to how the amount should be

transmitted, or whether the amount should be charged to the account of Lind & Jensen.

Respondents do not question the authority of the bank to act upon their oral direction. A check is only a written order, and a verbal direction from a customer to a bank to pay a sum, or to transfer a credit, is sufficient authority for the bank in so doing, and if the bank substantially follows the instructions of the depositor it is not liable. (1 Morse on Banks and Banking, 5th ed., 587; *Ellis v. First Nat. Bank,* 22 R. I. 565, 48 Atl. 936; *Whitsett v. People's Nat. Bank,* 138 Mo. App. 81, 119 S. W. 999; *Petty v. Gackling,* 97 Ark. 217, 138 S. W. 832, 33 L. R. A., N. S., 175; 2 Michie on Banks & Banking, p. 927.) But they contend that the bank, pursuant to the order, undertook to transmit the sum of $1,389.93 to the bank at Ririe, and was chargeable as their agent in so doing, and until the money was sent, the bank held it as agent or trustee for respondents. Accepting this principle, and applying it here, cannot have the effect of transferring back to their account as depositors the amount of the cashier's check. The respondents not having specified in what manner the money should be transferred, the bank had the right, as between itself and respondents, to either ship the actual money to its destination, or upon its own responsibility, to transmit it in some form of exchange. There was no agreement for a loan to Lind & Jensen, and the oral direction to the bank to remit $1,389.93 to the bank at Ririe was merely another form of check or order on the account of Lind & Jensen, and subject to charge against it in the same manner as if written in form. As between Lind & Jensen and their creditor, the cashier's check was not payment, but as between Lind & Jensen and the Commercial State Bank the oral direction to transmit funds was as effectual to charge their account as a written order. By authorizing the bank to pay Taylor, the respondents entered into a contract relation with the bank. The bank, in consideration of charging the deposit with the amount, contracted with respondents to pay Taylor this amount. For its failure it was liable upon a contract relation, under

subd. 4, to respondents, but not as a depositor. The cashier's check having failed to clear before the bank suspended payment cannot have the effect of changing the liability of the bank under its obligation to transmit the money to one of debt to respondents as depositors.

We therefore conclude that the classification made by the commissioner was correct and that the trial court erred in not so holding.

█ Error is also assigned that the trial court allowed respondent's costs "as part of the costs and expenses of liquidation" under subd. 1. What the reasons were is not disclosed, and as we see no legal justification therefor, we think the court erred in this respect.

We recommend that the judgment be reversed and the trial court directed to enter judgment in conformity to these views, with costs to appellant.

Babcock and Adair, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is reversed, with directions to the trial court to enter judgment affirming the classification of respondents' claim as made by the commissioner of finance. Costs to appellant.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Budge, J., dissents.

T. Bailey Lee, J., disqualified.