CHARLES O. ROGERS v. WALTER GRUBER, ELIZABETH GRUBER, his wife, GEORGE GRUBER and TERESA GRUBER, his wife, Appellants.—No. 38430.—174 S. W. (2d) 830.

Division One, November 1, 1943.

*Gray Snyder, J. Andy Zenge, Jr.,* and *Fuller, Fuller & Ely* for appellants.

*Walter M. Hilbert, Harry S. Rouse* and *A. F. Haney* for respondent.

DOUGLAS, P. J.—Plaintiff, as purchaser, sues for the specific performance of a contract for the sale of land. At the time the contract was made title to the land stood in the name of Elizabeth Gruber, deceased and intestate, mother of defendants Walter and George Gruber, her only heirs. The controversy hinges on the interpretation of a provision of the contract which reads: "Parties of the first part [defendants, vendors] agree to deliver to party of the second part [plaintiff, purchaser] an abstract showing good title in Elizabeth Gruber, the deceased mother of grantors, Walter Gruber and George Gruber, and a good warranty deed of conveyance of the above real estate to the party of the second part on March 1, 1941. . . . ." The contract provides the balance of the purchase price should be paid on or before March 1, 1941, and that time was the essence of the contract.

At the trial plaintiff amended his petition to conform to evidence adduced by him by alleging in February, 1941, defendants furnished plaintiff an abstract of title showing title in Elizabeth Gruber, deceased, and showing there had been no administration on her estate so as to bar debts; that the parties agreed that defendants would have her estate administered and the sale would **[831]** be completed when administration was closed if there were no liens against the land.

Upon the close of administration plaintiff presented a deed to defendants requesting them to execute it but they refused. Judgment was for plaintiff ordering specific performance and defendants have appealed.

Defendants contend the evidence was not sufficient to support the amendment to plaintiff's petition alleging the modification of the contract so that plaintiff was bound by the contract, as originally written, to pay the purchase price on or before March 1, 1941, which he failed to do. As a result, in view of the provision time was of the essence, plaintiff's failure to perform his part on the date specified defeats his right to specific performance. This is in accord with the established rule. But such rule does not apply when the default is waived or excused. Wimer v. Wagner, 323 Mo. 1156, 20 S. W. (2d) 650. A default may be waived by acts recognizing the contract as existing, such as promising to cure defects in title or by permitting the purchaser to expend money in reliance on the contract. 58 C. J. Specific Performance, sec. 373; Lancaster v. Roberts, 144 Ill. 213, 33 N. E. 27.

According to the evidence plaintiff was given an abstract of title extended to include the date of death of defendants' mother. Plaintiff testified he told defendants after receiving the abstract and before the date the deal was to be closed ''the title was not right and they agreed to have the estate administered and make the title right . . . They said they would administer if we would pay the probate costs.'' Plaintiff agreed to pay such costs. Plaintiff told defendants he was ready and able to pay the purchase price ''when the title was good.'' Administration was taken out by defendants. After administration was completed defendants refused to convey the land to plaintiff. One of the defendants testified that they refused because ''we had changed our minds.''

Plaintiff's testimony was neither disputed nor denied. The chancellor was convinced of its credibility. We find it sufficient to show performance by plaintiff on the stated date was waived and postponed until after the administration on Elizabeth Gruber's estate was completed.

Such course of conduct was logical under the contract as it provided for *good* title in Elizabeth Gruber deceased. The provision for a good title in a deceased is ambiguous. A good title has been held to be synonymous with a marketable title and ordinarily a title

is not marketable when administration has been omitted. Kling v. Realty Co., 166 Mo. App. 190, 148 S. W. 203. For a discussion of similar and contrary holdings see Anno. 57 A. L. R. 1408. Even if the provision is construed to mean a good title *at the time of* Elizabeth Gruber's decease, defendants are still confronted with their agreement to give a good warranty deed. A person contracting to sell real estate by a good warranty deed impliedly agrees to deliver a marketable title to the purchaser. McPherson v. Kissee, 239 Mo. 664, 114 S. W. 410. But defendants could not deliver marketable title until the liability of liens for deceased's debts is disposed of. It seems to us that the parties properly interpreted the contract as requiring the administration in order to enable defendants to make a good warranty deed.

As the contract provided for "good" title in the deceased the case of Henderson v. Beatty, 124 Iowa, 163, 99 N. W. 716, is not pertinent. In that case only the right, title and interest of the owner was to be conveyed. The court held this meant such interest as the owner then possessed and the agreement to convey this interest by warranty deed could mean a deed of special warranty only. In Salmon v. Hoffman, 2 Cal. 138, it was expressly provided the same title deceased had at the time of his death was to be conveyed so that case is not apposite.

Defendants point out there was no consideration for the waiver. A waiver of time of payment, if relied on, is sufficient to prevent a vendor from asserting the purchaser is in default although no consideration has been given for the waiver. Casner v. Meyer (Mo. App.), 191 S. W. 1119. See also Stout v. Edwards (Mo. App.), 210 S. W. 128 and Whitsett v. People's National Bank, 138 Mo. App. 81, 119 S. W. 999.

The judgment is affirmed. All concur.