Emmett C. **FISCHER**, Respondent,

v.

The **MORRIS PLAN COMPANY** of St.
Joseph, Missouri, a Corporation,
Appellant.

No. 22161.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1955.

Brown, Douglas & Brown, R. A. Brown,
Jr., St. Joseph, for appellant.

Ronald S. Reed, St. Joseph, for respondent.

SPERRY, Commissioner.

Plaintiff, Fischer, sued defendant, Morris Plan Company of St. Joseph, Missouri, a corporation, on a certain "Thrift Certificate" of deposit issued to him in the sum of $495. From a verdict and judgment in favor of plaintiff in that amount, with interest thereon from date of issue at 2% per annum, defendant appeals.

The undisputed facts are that plaintiff, a widower, moved to St. Joseph from Marceline, Missouri, in 1946, and had been living in the home of Mrs. Mitchell, a single woman, for some time prior to October 24, 1946; that he was then 59 years of age and Mrs. Mitchell was some six years older, and in ill health, both physically and mentally; that plaintiff was an automobile

mechanic and worked at that trade, in St. Joseph; that Mrs. Mitchell owned a house, which she sold and for which she received a check in the net sum of $1,531; that she executed a power of attorney authorizing plaintiff to transact business for her; that she indorsed the above check and same was presented to defendant, at its place of business, by plaintiff; (there was evidence on behalf of defendant to the effect that Mrs. Mitchell was also present at the time the check was presented but plaintiff denied this); that defendant issued to plaintiff "Thrift Certificate," No. 85501, in the amount of $495, sued on herein, naming him only as depositor; that it also issued certificate No. 85491, in the amount of $400, to both plaintiff and Mrs. Mitchell, which was designated as "expense account"; that it also issued another certificate in the amount of $495, to plaintiff and Mrs. Mitchell, with right of survivorship; that, later, plaintiff went to Marceline and, while he was absent from St. Joseph, and without his knowledge, Mrs. Mitchell was adjudicated an insane person and a guardian was appointed for her; that the guardian demanded of defendant all funds in its custody belonging to Mrs. Mitchell; that the $400 deposit, represented by certificate No. 85491, had been withdrawn prior thereto; that defendant transferred both of the above mentioned accounts, totalling $990, to the guardian, who used a part of same for Mrs. Mitchell's benefit and who, after she was adjudicated sane, paid to her the balance thereof; that plaintiff presented his deposit book at defendant's place of business, in March, 1953, and demanded payment of certificate No. 85501, together with interest thereon; that payment was refused and plaintiff's agents told him that the money had been paid out to Mrs. Mitchell, or for her benefit.

Plaintiff's evidence was to the effect that he advanced money for Mrs. Mitchell, prior to the sale of her house, in excess of $600; that such advances were in addition to sums paid to her for board and room; that she was then physically disabled and, at times, mentally incapacitated; that they were engaged to be married; that, the day

the check for sale of the house was delivered to Mrs. Mitchell, at her home, she indorsed same and delivered it to plaintiff to be deposited in the manner that it was deposited; that, immediately thereafter, plaintiff brought a lawyer-notary to her and she executed a power of attorney authorizing plaintiff to act for her; that plaintiff then took Mrs. Mitchell to a boarding house and, out of the proceeds of the house sale, paid a month's room and board; that she was unable to go down town, or to transact business; that he, alone, indorsed the check, delivered same to defendant's agent, Drimmel, who then and there issued and delivered to plaintiff the above-mentioned certificates of deposit; that he took a signature card out to Mrs. Mitchell, who signed same for the two joint deposits.

The deposit book for the certificate in issue was in evidence and it provided, in effect, as follows: In account with Emmett C. Fischer, $495; Morris Plan Company certifies that it is indebted to plaintiff in the amount shown, with interest to be allowed at 2%; Company to redeem all or any part of certificate upon request; certificate not transferable except by consent of company; no money to be paid except upon presentation of certificate.

Plaintiff testified to the effect that he was in Marceline when the certificate was transferred to the guardian; that he knew nothing about the guardian's appointment or the transfer of the funds to him, until long afterward; that he now has said certificate in his possession and has been paid no money thereon, although he demanded payment.

Mr. Drimmel, an officer of defendant, testified to the effect that when the money was deposited defendant became indebted to plaintiff in the amount of the deposit; that defendant would not have paid the money, the next day after deposit, to Mrs. Mitchell or to anyone else. He stated that the guardian demanded Mrs. Mitchell's money, not plaintiff's. However, Drimmel stated that Mrs. Mitchell was present with plaintiff when the deposit was made and that they talked, in Drimmel's presence,

about breaking the deposits into amounts of less than $500 so as to make Mrs. Mitchell eligible for an old age pension; that he thought the money belonged to Mrs. Mitchell.

This last testimony was contradicted by plaintiff's own testimony which was, to some extent, corroborated.

Mrs. Mitchell was adjudicated sane in June, 1948, and she and plaintiff were married. They were husband and wife at the time of the trial, but Mrs. Mitchell was physically and mentally unable to be in court. It is not denied that she received the benefit of all of the money paid to the guardian by defendant, and there is no evidence tending to prove that plaintiff, personally, received the benefit of any of it.

■ Defendant presents a number of alleged errors but, in our view, the court should have directed a verdict for plaintiff, at the close of evidence, as prayed by plaintiff. It can serve no useful purpose for us to rule other alleged errors.

In the certificate, issued by defendant, it is recited that defendant is indebted to plaintiff in the amount of the last entry in the book, which was $495; that it would pay him said sum, and interest thereon, upon request and upon presentation of the book. Mr. Drimmel, an officer of defendant, who received the deposit, stated that defendant owed plaintiff and that it would not have paid anyone except him, on the next day after the deposit was made. It paid out this money to another person without the depositor's knowledge or consent. Those facts are shown by the record and they are not controverted. Defendant did not pay out the money under any court order, or by reason of legal compulsion, threat, or claim by anyone, but did so of its own volition, upon the request of Mrs. Mitchell's guardian that defendant transfer to him all of *her* funds in its hands.

■ Defendant is a bank. Section 362.010, subd. 3 RSMo 1949, V.A.M.S. In Gibson v. First National Bank, 213

Mo.App. 63, 245 S.W. 1072, it was held that a bank which pays a depositor's money to another, without the consent of the depositor, is liable therefor. The entry of a deposit in a depositor's pass book is an admission of an indebtedness to the depositor and is prima facie evidence as to the amount thereof. When not explained it becomes conclusive and creates the relationship of debtor and creditor. Village of Rosebud v. Rosebud Bank, Mo.App., 92 S.W.2d 1007, 1009. In the case at bar defendant admitted that plaintiff made the deposit, and the amount thereof. One of its chief officers stated, on the witness stand, that defendant owed plaintiff and would not have paid the money to anyone else on the next day after the deposit was made. The indebtedness must be held to have been conclusively proved. A bank, having received a deposit from plaintiff and given him credit therefor on its books, cannot question his right to the money or plead title in another, unless title has been transferred upon authority of the depositor, or the depositor is estopped to claim otherwise. Whitsett v. People's Nat. Bank, 138 Mo.App. 81, 90, 91, 119 S.W. 999. There was no evidence tending to show that plaintiff ever authorized transfer of the account, or that he ever knew that the account had been transferred until afterward. Nor can the terms of a written contract of deposit be varied by parol evidence. Commerce Trust Company v. Watts, 360 Mo. 971, 231 S.W.2d 817, 820, 821; Connor v. Temm, Mo.App., 270 S.W.2d 541, 547.

■ Defendant does not claim mistake, fraud, or duress, but it does urge that plaintiff is estopped to claim the money. There was no evidence tending to prove that plaintiff ever said or did anything to encourage defendant to transfer the account, that he failed to speak when it was his duty to speak, or that he even knew of the transfer when it was made. There can be no question of estoppel here. De Lashmutt v. Teetor, 261 Mo. 412, 413, 441, 443, 169 S.W. 34; Graham v. Gardner, Mo. App., 233 S.W.2d 797, 802, 803.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.